PATRICIA J. CONCES, Plaintiff-Appellant, *v.* JOHN L. CONCES, Defendant-Appellee.

(No. 73-38; )

Third District—January 30, 1974.

James D. Reynolds, of Peoria, for appellant.

John L. Conces, *pro se.*

Mr. JUSTICE STOUDER delivered the opinion of the court:

Plaintiff-Appellant, Patricia Conces, filed a complaint for divorce against Defendant, John Conces, in the Circuit Court of Tazewell County. On June 9, 1972, the court entered a decree of divorce which provided that pursuant to an agreement between the parties, defendant was to pay the sum of five hundred dollars ($500.00) per month for child support until the youngest child attain the age of 18 years. The same day the court on its own motion, without notice to the parties and stating no reason for its action, amended the decree by inserting a provision providing:

"* * * [the support order] shall be deemed to be approved by the Court on a temporary basis and for a period of six (6) months only and subject to a review by this Court at the expiration of six (6) months from this date as to whether or not said temporary approval of said agreement shall be made permanent."

When plaintiff and defendant received notice of the amendment, they

petitioned the court to set aside the amendment; however, the court refused such request.

In plaintiff's appeal to this court the following issues are raised for our determination: Whether the trial court has discretionary power to insert such amendment in a support agreement incorporated in the divorce decree and if so, did the court abuse its discretion by inserting the amendment without prior notice to the parties and contrary to their express wishes. Defendant has not filed a brief in this court but since the issues raised on appeal relate to the child support provisions of a divorce decree, we believe a summary disposition of the appeal is inappropriate.

■■ While we believe the better course of action would have been for the trial judge to notify both parties of his intention to modify the divorce decree, nevertheless, since the amendment was made on the same day the decree was entered and since the parties objected in a petition filed within 30 days from entry of the decree, we are not inclined to reverse the judgment of the lower court on grounds that a different procedure would have been preferable.

It is also questioned whether a change was contrary to the law and facts according to the substance of the evidence and testimony presented at the trial. In other words, the extent the change in the decree represents a substantive modification thereof, is it erroneous? Is the new provision one which the court could have required as a part of its decree before the decree was signed or if notice had been given? Since the question involves child support, it is beyond the ability of the parties to make an agreement with respect thereto binding on the court. It is peculiarly within the discretionary power of the court to make orders concerning child custody and support. I.L.P. *Divorce*, section 231.

It appears there was nothing in plaintiff's petition filed within 30 days after entry of the divorce decree from which to conclude that the provision added by the trial judge was unsupported by the evidence or that the insertion of the provision constituted an abuse of discretion. Since the support provision remains subject to modification by the court upon proper showing of a change of circumstances justifying modification, the effect of the added provision will only make the decree final in six months as to existing conditions.

For the foregoing reasons, we find no error in the judgment of the Circuit Court of Tazewell County.

Judgment affirmed.

SCOTT, P. J., and DIXON, J., concur.