*In re* MARRIAGE OF KATHLEEN ROGERS, Plaintiff-Appellee, and RICHARD E. ROGERS, Defendant-Appellant.

Fifth District   No. 5—85—0486

Opinion filed March 13, 1986.

Robert E. Wells, Jr., of Pessin, Baird & Wells, of Belleville, for appellant.

Jack L. Giannini, of Belleville, for appellee.

JUSTICE KARNS delivered the opinion of the court:

The defendant, Richard E. Rogers, appeals from the judgment of the circuit court of St. Clair County which modified the visitation rights of the plaintiff, Kathleen Rogers, the mother of the parties' minor child, and ordered the defendant to pay travel expenses from Virginia to Illinois, support and attorney fees.

The cause involves the proper application of the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1985, ch. 40, par. 2101 *et seq.*) (hereinafter the Act). The marriage of the plaintiff and defendant was dissolved by judgment of dissolution entered in the circuit court of Cass County, Missouri, on September 12, 1977. The judgment awarded custody of the minor child, Richard D. Rogers, born May 19, 1973, to defendant, then a member of the armed forces and now retired and residing in Sterling, Virginia. The terms of a separation agreement were approved by the court but were not incorporated into the judgment of dissolution.

The judgment of dissolution provided:

"2. That it is in the best interest of the minor child herein that the Petitioner have the right of visitation of said minor child at reasonable times upon mutual agreement with Respondent. It shall be understood that reasonable visitation includes at least one overnight visit each week, alternating major holidays and reasonable notice of intent to exercise visitation rights at other times; that same takes into consideration the plans of the Respondent and the child. Reasonable visitation further implies that each party shall, without fail, follow through on a visitation plan agreed upon, but if circumstances beyond their control make this impossible, notice of cancellation of visitation shall be made with the same consideration for each other that is presumed in the initial arrangements."

The separation agreement contained a general provision on visitation. It provided:

"B. The parties agree that it is in the best interest of the minor child herein that the Wife have the right of visitation of said minor child at reasonable times upon mutual agreement of the parties. It shall be understood that reasonable visitation includes at least one overnight visit each week, alternating major holidays and reasonable notice of intent to exercise visitation rights at other times; that same takes into consideration the plans of the parties and the child. Reasonable visitation further implies that each party shall, without fail, follow through on a visitation plan agreed upon, but if circumstances beyond their

control make this impossible, notice of cancellation of visitation shall be made with the same consideration for each other that is presumed in the initial arrangements. The parties agree that in the event Husband is required to leave the State of Missouri due to military orders, including an overseas assignment, the parties will stipulate to request a modification of the orders of the Court to provide for specific visitation on the part of the Wife to include one month in the summer and one additional week during the year, said week to include Christmas Day every other year, and on other occasions mutually agreeable and the parties agree to equally divided the expense of transportation to effect such visitation."

Subsequent to entry of the judgment of dissolution the plaintiff, Kathleen Rogers, moved from Missouri to Illinois and on July 24, 1984, she filed a petition in the circuit court of St. Clair County, without notice to defendant, to register the judgment of dissolution in the circuit court of St. Clair County (Ill. Rev. Stat. 1983, ch. 110, par. 12—601 *et seq.*), and an order was entered registering the judgment in accordance with section 12—603 of the Uniform Enforcement of Foreign Judgments Act (Ill. Rev. Stat. 1983, ch. 110, par. 12—603).

Thereafter, the plaintiff filed a petition for a rule to show cause which recited the above custody and visitation provision of the Missouri judgment of dissolution. The petition stated that in the seven years that had transpired since the judgment was entered, the plaintiff had not had visitation during Christmas vacation, although requests for such visitation had been made to defendant. The petition prayed that defendant show cause "why he should not be held in contempt of court for failure to cooperation [*sic*] with plaintiff's right to have visitation" and that plaintiff be awarded attorney fees. Personal service of the petition was had on defendant in Virginia.

The defendant filed his special and limited appearance contesting the jurisdiction of the court under the section 4 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 2104), and stating further that the circuit court of St. Clair County was an inconvenient forum to hear the matter as provided in section 8 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 2108).

The matter was set for hearing on March 8, 1985, and was thereafter continued to April 8, 1985, at the request of the defendant. The order setting the matter for hearing required defendant to be present on that date and awarded counsel for plaintiff $100 attorney fees to be paid by defendant.

On April 3, 1985, defendant filed a motion to reconsider what he

considered a denial of his special appearance contesting jurisdiction. The motion stated that defendant had filed a petition to modify visitation in the Domestic Relation Court of Loudoun County, Virginia on March 27, 1985, and that, as a consequence, under section 7 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 2107), the circuit court of St. Clair County was divested of any jurisdiction it may have had.

Thereafter, both the special appearance and motion to reconsider were denied. After an *ex parte* hearing on April 8, 1985, the court found defendant to be in contempt and ordered him to serve 30 days in the St. Clair County jail. It further ordered him to pay plaintiff, as her attorney fees, the sum of $900. The same order fixed visitation rights of the plaintiff for the summer vacation, Christmas and Easter holidays, and required defendant to pay a portion of the expenses associated with visitation, even though the Virginia court had in the meantime entered a contrary order. Certain ancillary matters followed which we need not detail.

■ The action of the circuit court of St. Clair County in exercising jurisdiction over this matter was a patent violation of the Uniform Child Custody Jurisdiction Act. Neither the child nor the defendant father was ever a resident of Illinois. Section 4 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 2104) clearly states that the Illinois courts have jurisdiction to make a child custody determination if Illinois is the home State of the child or it is in the best interest of the child that the Illinois court assume jurisdiction because the child and at least one parent have a significant connection with Illinois and there is available in Illinois "substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

While plaintiff appears to concede that the circuit court of St. Clair County would have had no jurisdiction to make a custody determination, she argues it did have jurisdiction to fix plaintiff's visitation rights. Section 3.02 of the Act (Ill. Rev. Stat. 1983, ch. 40, par. 2103.02), however, defines "custody determination" to include a court decision determining visitation rights. Illinois decisional law is in accord. *Noga v. Noga* (1982), 111 Ill. App. 3d 328, 443 N.E.2d 1142.

The proper analysis to be made by the trial court in applying sections 4, 7 and 8 of the Act are set out in *In re Marriage of Levy* (1982), 105 Ill. App. 3d 355, 434 N.E.2d 400. When we compare the facts present here with those of *Levy* and the analysis of these facts as required under section 4 of the Act, it is apparent that the circuit court of St. Clair County did not have jurisdiction of this cause. (See lso *Siegel v. Siegel* (1981), 84 Ill. 2d 212, 417 N.E.2d 1312.) While

defendant has also raised the applicability of the *forum non conveniens* provision of section 8 of the Act, which may very well be applicable on these facts, we need not consider it for a proper disposition of this matter.

■ Plaintiff's argument that defendant somehow vested the circuit court of St. Clair County with jurisdiction of this cause by requesting a continuance is not well taken. From the pleadings on file, it is clear that defendant's only appearance was a special appearance contesting the jurisdiction of the court. Furthermore, it is established that the substantial criteria of section 4(a) of the Act must be met before the court can acquire subject matter jurisdiction. Even the consent of the parties will not vest the forum court with jurisdiction. (See *Conces v. Conces* (1974), 16 Ill. App. 3d 835, 306 N.E.2d 890; Ill. Ann. Stat., ch. 40, par. 601, Historical & Practice Notes, at 3 (Smith-Hurd 1980).) We reject plaintiff's other arguments directed to the jurisdiction of this court.

We need not reach other issues raised by the appellant. We would note that the procedural requirements of the Uniform Enforcement of Foreign Judgments Act may not have been followed. No notice was given to defendant of plaintiff's petition to register the Missouri judgment of dissolution. In *Paine, Webber, Jackson & Curtis, Inc. v. Rongren* (1984), 127 Ill. App. 3d 85, 468 N.E.2d 459, the court noted that the purpose of this Act was to "facilitate interstate enforcement of judgments in any jurisdiction where the party against whom a foreign judgment has been rendered is found." (127 Ill. App. 3d 85, 89, 468 N.E.2d 459, 462.) In that case, the court noted that the defendant was properly served with a summons and a copy of the petition to register the foreign judgment as the Illinois action was based thereon. There is no absolute right to register a foreign judgment in matters relating to custody and visitation right (see *Reeves v. Reeves* (1971), 131 Ill. App. 2d 831, 267 N.E.2d 529); therefore, defendant should have received notice of the petition to register as he was entitled to contest the registration under limited circumstances.

Plaintiff's petition to show cause was the only pleading served on defendant. Plaintiff's action was based on the visitation provision of the Missouri decree, which was not self-executing. The separation agreement contained a visitation agreement which made it apparent that the provision contemplated that defendant, a member of the military, could be transferred from Missouri in which event the parties were to request a modification of the judgment of dissolution by the Missouri court. While the court of Virginia may have been an alternative appropriate forum to accomplish this result, under section 601 of

the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1983, ch. 40, par. 601), which incorporated by reference section 4 of the Uniform Child Custody Jurisdiction Act (Ill. Rev. Stat. 1983, ch. 40, par. 2104), it is clear that the circuit court of St. Clair County did not have subject matter jurisdiction to modify and enforce the judgment of the Missouri court.

The judgment of the circuit court of St. Clair County is reversed.

Reversed.

KASSERMAN, P.J., and JONES, J., concur.