*652 OPINION OF THE COURT
Bruce M. Kaplan, J.
The question which this court must decide is whether it has jurisdiction over a paternity proceeding involving a child born in Seattle, Washington, to a resident of that city, and a person no longer a resident or to be found in New York.
I conclude that a lack of subject matter and personal jurisdiction requires that the petition must be dismissed.
Petitioner Rebecca W., a Seattle, Washington, resident, claimed that Stephen B. is the father of her child, Johna Michelle W., born November 18, 1984 in Seattle, Washington. Her petition was verified in an unnamed county in Idaho on September 4, 1985 before a notary public who furnished no particulars of her commission.
On September 19, 1985 petitioner’s attorney wrote to respondent care of the New York office of his then employer advising him or his attorney to contact him and attempt to resolve the matter.
On October 3, 1985 respondent’s counsel wrote to petitioner’s attorney advising him that he represented respondent, and requested that any further correspondence (italics supplied) be directed to him.
On October 17 petitioner filed the petition with the court, and personal service returnable November 26, 1986 was directed.
Petitioner’s counsel appeared in court on that date, stated that personal service could not be effectuated, requested that he be permitted to serve respondent by personal service upon his counsel and respondent’s employer, and mail service upon respondent at his last known address. He was directed to move for the relief requested on papers, and subsequently so moved.
Due to clerical oversight that motion was not brought to the attention of the Judge presiding on the return date, and the matter was dismissed, without prejudice. Thereafter, petitioner brought this motion.
Respondent’s attorney in both instances opposed granting the relief sought by petitioner, and cross-moved for a dismissal of the petition based on lack of subject matter and personal jurisdiction. (CPLR 3211 [a] [2], [8].)
The court finds that respondent’s position is correct. Therefore, the cross motion is granted, the petition is dismissed, and petitioner’s motion is denied.
*653 THE COURT LACKS JURISDICTION OVER THE SUBJECT MATTER OF THE PETITION
Petitioner is a Washington State resident whose child was born there. Respondent was not served because he no longer can be found in New York where he once worked, and may have resided. The petition contains no allegation that petitioner was ever present in New York, or that the parties had sexual intercourse resulting in conception here. The papers are devoid of material positing a connection between the parties and New York. Therefore, New York lacks subject matter jurisdiction. (CPLR 301.)
THE COURT LACKS JURISDICTION OVER THE PERSON OF THE RESPONDENT
Even if petitioner had alleged that sexual intercourse and conception took place in New York, she could not obtain in personam jurisdiction over respondent.
Petitioner’s papers concede that respondent no longer lives in New York. Although petitioner claimed that respondent owns real property or a cooperative apartment in New York, her papers contain no specification or substantiation of those facts. This deficiency underscores the futility of attempting to serve respondent at his last known address when that information is unknown to petitioner.
Respondent’s attorney denied that respondent owned property or a co-op in New York, and his letter of October 3, 1985 advised that any correspondence be directed to him. It did not state, or imply his consent to service of papers on him. Indeed, he specifically appeared for the limited purpose of contesting jurisdiction. Under these circumstances, there is no basis to conclude that service upon respondent’s attorney would confer in personam jurisdiction over respondent. (CPLR 320 [b]; cf. CPLR 2103 [b].)
Since respondent is a nondomiciliary, the court could obtain personal jurisdiction over him only if he were amenable to service under New York’s long-arm jurisdiction statute. (CPLR 302.)
The applicable provision is CPLR 302 (b) which deals with personal jurisdiction over nonresident defendants in matrimonial actions.
Under prior decisional law the court could not acquire personal jurisdiction over a nonresident respondent without *654 the State in a paternity proceeding. (Matter of Nilsa B. B. v Clyde Blackwell H., 84 AD2d 295 [2d Dept 1981].) Jurisdiction could not be acquired because CPLR 302 (b) limited long-arm jurisdiction to situations where the "obligation to pay” accrued under the laws of this State.
In Matter of Nilsa B. B. v Clyde Blackwell H. (supra) the court construed the phrase "obligation to pay” to require that there first must be a finding of paternity before the "obligation to pay” accrued. Since there had been no paternity finding, the court held CPLR 302 (b) was inapplicable, and affirmed the dismissal of the petition.
In response to that decision, the Legislature enacted Laws of 1982 (ch 505) which substituted "claim for” for "obligation to pay.” The practical effect of this amendment was to extend long-arm jurisdiction to paternity proceedings where there had not already been a finding of paternity. (Matter of Gordon J. Y. v Erin L. M., 124 Misc 2d 677 [Fam Ct, Lewis County 1984].)
The broadening of long-arm jurisdiction to encompass paternity proceedings is unhelpful to petitioner. CPLR 302 (b) is applicable only if "the party seeking support is a resident of or domiciled in this state at the time such demand is made”. Petitioner’s papers indicated that she is a resident of the State of Washington. Therefore, she is not entitled to the benefits of this section.
The court lacks subject matter jurisdiction, and even if an amended petition cured that defect, petitioner could not obtain long-arm jurisdiction over respondent. Accordingly, the petition is dismissed.