TERESA L. McGUANE, Petitioner-Appellee, v. GARY D. McGUANE, Respondent-Appellant.

Second District   No. 2—93—1255

Opinion filed January 10, 1995.

Gary D. McGuane, of Aurora, appellant *pro se.*

Denise L. Church and Sarah Megan, both of Prairie State Legal Services, Inc., of St. Charles, for appellee.

JUSTICE THOMAS delivered the opinion of the court:

The petitioner, Teresa McGuane, filed a *habeas corpus* petition in the circuit court of Kane County, Illinois, seeking the enforcement of child custody orders entered in Germany and North Carolina. The respondent, Gary D. McGuane, filed a motion to dismiss the petition claiming that it was barred by a prior pending action in Du Page County, Illinois. The trial court denied Gary's motion and, following a hearing on Teresa's petition, awarded temporary custody of the parties' two minor children to Teresa. The court further ordered that Gary relinquish physical custody of the children to Teresa that same day. This court stayed the trial court's order to change custody pending the outcome of Gary's appeal.

The record reveals that the parties were married in 1984 in Aurora, Illinois. Two children were born during the course of the

marriage. In 1987 the parties moved to Naperville, Illinois, where they remained until December 1991. In December 1991, Gary, who was an attorney, accepted a commission in the United States Army on the condition that he be stationed in Germany near Teresa's family. Pursuant to that commission, the parties left for Germany in December 1991. The parties lived together in Germany until August 1992, when Teresa and the children moved from the marital home to Teresa's parents' home, which was also in Germany.

On January 15, 1993, Gary filed in Du Page County, Illinois, a petition for dissolution of the marriage and a motion for temporary custody of the children. In support of his pleadings, he filed an affidavit stating that: all parties were and are residents of Illinois; the parties were temporarily absent from Illinois pursuant to government orders; they intended to return to Illinois; he is an attorney licensed to practice law in Illinois; and that both parties and the children all had substantial contacts with Illinois. Gary sent notice of his Du Page County petition to Teresa by certified mail, return receipt requested. The return receipt shows that Teresa received the notice on January 21, 1993.

Four days after Gary filed his petition, Teresa filed a petition for dissolution of marriage and a motion for temporary custody in Germany. On March 5, 1993, the German court held a hearing on the matter. Gary presented the court with the pleadings filed in the Du Page County case. The German court refused to take jurisdiction over the petition for dissolution but then found that it had jurisdiction over the issue of temporary custody based on terms of the Hague Convention for the Protection of Minors. The court awarded "preliminary" custody of the children to Teresa and ordered that an investigation be conducted and a hearing held on April 8, 1993.

On March 16, 1993, Gary gave Teresa notice of a motion for default judgment in the Du Page County case. Two days later, Teresa filed a special and limited appearance in that case contesting personal and subject-matter jurisdiction in Illinois. On March 23, 1993, the Du Page County court found that it had jurisdiction over the case because Illinois was the children's home State, it had the closest connection with the children, and no other State had jurisdiction. The Du Page County court entered a default judgment and ordered that temporary custody of the parties' oldest child be granted to Gary and that Teresa not leave Germany with the youngest child until the German court concluded a subsequent hearing in the matter. The Du Page County court set the case for a status hearing on May 5, 1993.

On April 1, 1993, Teresa took the two children from Germany to

North Carolina even though a further hearing had not been held in Germany. When the Du Page County court learned at the May 5 status hearing that Teresa had moved to North Carolina in violation of its previous order, it issued a rule to show cause and ordered her to appear before the court on May 26, 1993. Summons was issued in the case on May 5.

On May 14, 1993, a North Carolina process server attempted to serve the summons, the notice of the rule to show cause, and the various pleadings that had already been served by certified mail on Teresa. Upon seeing the process server, she fled into her parents' home where she was staying, and the papers were then delivered to her mother. When Teresa failed to appear for the hearing in Du Page County on May 26, 1993, the court entered an order of contempt and awarded temporary custody to Gary.

On June 7, 1993, Gary registered the Illinois judgment in North Carolina and sought enforcement there. The next day, Teresa registered the German judgment in North Carolina. In July 1993, the North Carolina judge conferred with the other courts involved in the case and indicated that it wanted jurisdiction transferred from Germany. It then entered an order granting Gary 24 hours of visitation and ordering him not to remove the children from North Carolina. Thereafter, Gary removed the children to Illinois in violation of the North Carolina court's order.

On August 23, 1994, the North Carolina court entered an order enforcing the German custody order granting Teresa temporary custody of the children. The next day, the Du Page County court entered an order finding it continued to retain jurisdiction over the case. It further ordered that the children remain in Gary's temporary custody and restrained all Illinois agencies from removing the children from his custody.

In September 1993, Teresa filed a *habeas corpus* petition in Kane County seeking to enforce the North Carolina judgment. Gary filed a motion to dismiss based on the prior pending action in Du Page County. In an amended motion to dismiss, he argued that since the Kane County proceeding was a collateral attack on the Du Page County judgment, Teresa had the burden to show from the face of the record in the Du Page County proceeding that the Du Page County court lacked jurisdiction. The Kane County trial court denied Gary's motion to dismiss and eventually entered an order granting Teresa's petition to enforce the North Carolina custody judgment. The court further ordered that Gary relinquish custody of the children to Teresa by 2 p.m. that day. That portion of the order was stayed by the appellate court pending the outcome of this appeal.

On appeal, Gary first argues that the Kane County court should have dismissed Teresa's *habeas corpus* petition because she failed to demonstrate solely from the Du Page County record that the Du Page County court did not have jurisdiction over the custody matter. Gary points out that Teresa had the burden to show that the first court order was void for lack of jurisdiction and that this must be shown from the face of the record of the court issuing the order (*Steffens v. Steffens* (1951), 408 Ill. 150, 153).

In response, Teresa has filed a motion on appeal to confess error. Citing *People ex rel. Lehman v. Lehman* (1966), 34 Ill. 2d 286, she claims that the court where an action is first filed is the proper forum to decide jurisdictional matters between two Illinois circuit courts. She has asked this court to reverse the trial court's decision and remand the case to allow her to have it voluntarily dismissed.

Initially, we note that Teresa's motion does not actually confess any error at issue in this appeal. Her reliance on *Lehman* is misplaced. That case did not hold that the court where an action is first filed is the proper forum to decide jurisdictional matters. Rather, the court actually held that where there is no jurisdictional defect apparent from the face of the record, a court of this State is not permitted to ignore a pending action in another court of this State. The *Lehman* court then proceeded to review the record for proper jurisdiction. Furthermore, we note that a *habeas corpus* action is a proper method for bringing a collateral attack against an order entered in another court which was void for lack of jurisdiction. (*Greco v. Chicago Foundlings Home* (1967), 38 Ill. 2d 289, 291.) Accordingly, we must first determine whether from the face of the record in the Du Page County proceeding Teresa met her burden to show that that court lacked jurisdiction.

Turning to the issue of jurisdiction, we note that the Kane County court refused to give any reasons for its implicit finding that the Du Page County court's orders could be ignored for want of jurisdiction. However, Teresa suggests various reasons for a lack of jurisdiction in Du Page County. First, she contends that Du Page County lacked subject-matter jurisdiction under section 4 of the Uniform Child Custody Jurisdiction Act (the Act) (750 ILCS 35/4 (West 1992)) because Illinois was not the children's home State and did not have the most significant connections with the child. We disagree.

Section 4(a) of the Act provides that an Illinois circuit court has jurisdiction to make a child custody determination by initial or modification judgment if one of four criteria is satisfied; one criterion is whether this State is the home State at the time of the commencement of the proceeding. (750 ILCS 35/4(a) (West 1992).) Section 3.04 of the Act defines "[h]ome state" as the State in which the child lived

with a parent for at least six consecutive months; however, periods of temporary absence are counted as part of the six-month period. 750 ILCS 35/3.04 (West 1992).

Initially, we note that Teresa failed to attach the transcripts of the Du Page County proceedings to her *habeas corpus* petition in Kane County. The only evidence contained in the Du Page County record on this issue before us on appeal is Gary's unrebutted affidavit that the parties and children continued to be Illinois residents and that they were only temporarily absent from Illinois. Based on the face of the record in the Du Page County proceeding, we are unable to say that the court lacked subject-matter jurisdiction in the case.

Teresa further argues that the Du Page County court failed to contact the German court before exercising jurisdiction in the case as required by section 7(c) of the Act (750 ILCS 35/7(c) (West 1992)). We find, however, that Teresa's argument must be rejected because she fails to cite anything in the record of the Du Page County proceeding regarding communications or a lack thereof with the German judge. Moreover, the question of whether an Illinois court has a jurisdictional base is separate from the question of whether it complied with the mandatory consultation provision of section 7(c) of the Act. See *In re Marriage of Alexander* (1993), 252 Ill. App. 3d 70, 76.

Next, Teresa contends that the Du Page County court should have declined jurisdiction under the *forum non conveniens* analysis provided for in section 8 of the Act (750 ILCS 35/8 (West 1992)).

We find that Teresa's reliance on section 8 of the Act is misplaced. That section provides that a court of this State which has jurisdiction under the Act may decline to exercise jurisdiction if it is apparent that another forum is more appropriate. (750 ILCS 35/8(a) (West 1992).) The issue in this collateral attack is whether subject-matter jurisdiction exists in the first instance. Teresa's inconvenient forum argument would best be addressed to the circuit court of Du Page County.

Lastly, Teresa argues that the Du Page County court's orders were void for lack of jurisdiction because Gary failed to have summons issued before the hearing on March 23, 1993, and because she did not receive at least 10 days' notice of that hearing as required by section 6 of the Act (750 ILCS 35/6 (West 1992)).

We disagree. Section 6 of the Act provides in part:

"(a) Process in initial custody proceedings shall be governed by the Civil Practice Law.

(b) Notice in all custody proceedings required for the exercise of jurisdiction over a person outside this State shall be given in a manner best calculated to give actual notice, and shall be either:

* * *

3. by any form of mail addressed to the person to be served and requesting a receipt; \*\*\*
\*\*\*

(c) Notice under this section shall be served, mailed or delivered at least 10 days before any hearing in this State." 750 ILCS 35/6 (West 1992).

Under the Act, personal jurisdiction over either parent is not required for a circuit court to decide the custody status of a child; the court may proceed *quasi in rem* so long as the jurisdictional requirements of section 4 are met. *In re Marriage of Bueche* (1990), 193 Ill. App. 3d 594, 599; *In re Marriage of Schuham* (1983), 120 Ill. App. 3d 339, 346.

In *Schuham*, the court noted that a mother's belated attempt to serve summons on an out-of-State father was without legal effect because he was not amenable to process in the first place. Nonetheless, the court found that the custody status of the parties' child could be decided *quasi in rem*. The court further noted that section 5 of the Act provides parties with notice and an opportunity to be heard (750 ILCS 35/5 (West 1992)), and section 6 provides for notice to out-of-State parties, including return receipt mail notice (750 ILCS 35/6 (West 1992)). The court indicated that the above-quoted provisions were "superior to technical personal jurisdiction" in promoting the purposes of the Act and, by encouraging the appearance of all involved parties, they concomitantly discourage *ex parte* custody determinations.

In the present case, the record indicates that on January 21, 1993, Teresa received certified mail notice, return receipt requested, of Gary's petition for dissolution of marriage and his motion for temporary custody. We find that this notice satisfied the notice requirement of section 6(b) for the "exercise of jurisdiction over a person outside this State." (750 ILCS 35/6(b) (West 1992).) As discussed above, technical personal jurisdiction was not required. That is not to say a petitioner in an initial custody proceeding may dispense with the service of process. We merely hold that the failure to serve process in a custody proceeding on an out-of-State resident is not a jurisdictional defect which may be attacked in a collateral proceeding.

Turning to Teresa's claim that she did not receive proper notice of the March 23, 1993, hearing, we note that this likewise was not a jurisdictional defect which could be attacked in this collateral proceeding. Teresa's reliance on *In re Marriage of Los* (1992), 229 Ill. App. 3d 357, is erroneous. There, notice under section 6(c) of the Act

of less than 10 days was found to be defective under procedural due process grounds where it led to the entry of an emergency order of protection that was not based on exigent circumstances. The court did not address the jurisdiction of the court in the context of section 6 notice requirements.

For the foregoing reasons, we conclude that the trial court erred in denying Gary's motion to dismiss Teresa's *habeas corpus* petition.

Accordingly, the judgment of the circuit court of Kane County is reversed.

Reversed.

INGLIS and GEIGER, JJ., concur.