674 So.2d 767 (1996)
Irene FLORES, Appellant,
v.
Charles P. SAUNDERS, Appellee.
No. 95-1302.
District Court of Appeal of Florida, Fifth District.
April 19, 1996.
Rehearing Denied June 6, 1996.
Stanton L. Cobb, Orlando, for Appellant.
Robert J. Wheelock of Robert J. Wheelock, P.A., Orlando, for Appellee.
*768 DAUKSCH, Judge.
Appellant appeals a final judgment in which the trial court awarded appellee primary residential custody of the parties' only child, Rhyannon Saunders, who will turn three on April 14, 1996.
This case arose on December 9, 1994 when appellee filed a petition to establish custody, visitation and support in the Seminole County trial court. He alleged in part that 1) he was the natural father of Rhyannon and that appellant was the natural mother; 2) he was a Florida resident and that appellant had lived in Florida until September 29, 1994 at which time she had moved from the state with Rhyannon; and 3) it was in Rhyannon's best interest that he be awarded sole custody of the child.
Appellee also filed a verified motion for temporary emergency custody in which he set forth several instances of appellant's alleged neglect of Rhyannon. Alleging that he had not discovered the child's address until December 6, 1994 and that appellant had denied him visitation, he maintained that he was fearful that if he provided her with notice of the motion, she would again flee with the child. He later filed an affidavit in support of his motion for temporary emergency custody in which he reiterated that appellant, who was living in Chicago, had refused to allow him to see Rhyannon.
Court minutes dated February 13, 1995 indicate that a hearing was held on "the motion" and that jurisdiction was discussed. They also say that the trial court "will confer with Illinois Court and reserved ruling on jusidiction [sic]." On March 8th, the Cook County, Illinois trial court entered an order on appellant's emergency petition for Uniform Child Custody Jurisdiction Act (UCCJA) determination and emergency petition for temporary and permanent custody of Rhyannon.[1] Specifically, the court 1) determined that it had jurisdiction of any custody matter pertaining to the child pursuant to the UCCJA; 2) awarded appellant temporary custody of the child; 3) ordered that the child not be removed from its jurisdiction without further order; and 4) set the cause for a hearing on February 17th.
Following a hearing on February 13th on appellee's motion for temporary custody, the Seminole County trial court, on March 9th, entered an order in which it granted appellee temporary custody of Rhyannon, thereby ordering that she be immediately returned to its jurisdiction. On April 19th, a default was entered against appellant in the Seminole County trial court for failure to serve or file any paper as required by law. The next day, the court entered a final judgment awarding appellee primary residential custody of the child. The court's order provides in part the following:
A. The Court has personal jurisdiction over the parties, in that the Petitioner is a resident of Seminole County, Florida, and the Respondent resided and maintained a residence in Seminole County, Florida immediately before leaving the state creating substantial ties to Seminole County, Florida.
B. The Court has subject matter jurisdiction over this action as this is the last place that the parties resided together with the minor child.
C. The Respondent was personally served with service of process, had an opportunity to appear and be heard, chose not to appear either personally or through counsel admitted to practice in Florida, and therefore the Clerk properly entered default against the Respondent.
D. It is in the best interests of the minor child to award custody to the Petitioner and to have the child returned to the jurisdiction of this Court.
On December 4th, the Cook County trial court entered an order denying appellee's motion to enforce the April 20th Seminole County trial court's final judgment. Acknowledging *769 that the Seminole County court had previously entered an order awarding appellee custody of Rhyannon and that it [the Cook County court] had previously entered an order awarding appellant temporary custody of the child, the court found that resolution of the jurisdictional issue was governed by the UCCJA. Ultimately determining that it had jurisdiction to determine the custody issue, the court reasoned in part as follows:
... It is clear from the record that neither Florida nor Illinois qualify as the home state of Rhyannon M. Saunders because of insufficient time spent in both states prior to commencement of the several actions. It is equally clear that the child does not qualify as an abandonned [sic] child; nor is she one for whom no other state would have jurisdiction.
* * * * * *
In the desire to promote the aims of the "Act" this court considers first the best interest of the child and holds that since the child was in the State of Florida for only three months, the connection to Florida is minimal, especially in light of the fact that the child resided at two different addresses in the space of two months and in each case was sharing quarters of family members and not occupying premises leased or owned by Petitioner or Respondent. Essentially, they were just passing through Florida. In re Bass, 176 Ill. App.3d 249 [125 Ill.Dec. 559], 530 N.E.2d 717 (1988); In re Rogers, 141 Ill.App.3d 561, [95 Ill.Dec. 908], 490 N.E.2d 1000 (1986). Indeed, the act was written to protect the child's best interest and any hardships faced by the parents must give way to what is in the best interest of the child. Doehner v. Jessup [In re Doehner], 215 Ill.App.2d[3d] 570 [158 Ill.Dec. 987], 574 N.E.2d 1380 (1991). The act permits some discretion in the trial court's determination of its jurisdiction to ensure that litigation takes place in the forum where the ties between the state and the child and his family are the closest. In re Slate, 181 Ill.App.3d 110, [129 Ill.Dec. 844], 536 N.E.2d 894 (1989).
For all of the reasons above; because personal jurisdiction over either parent is not required for a circuit court to decide the custody status of a child (McGuane v. McGuane, 268 Ill.App.3d 751, [206 Ill.Dec. 570], 645 N.E.2d 575 (1995)); and because there is no evidence that the order of February 9, 1995 has been vacated or even attacked as invalid. "A court having obtained jurisdiction over a child, shall retain such jurisdiction unless it concedes jurisdiction to a foreign state or none of the parties to the action, including the child, remain in Illinois". 750 ILCS 35/4(b); and because the court finds that the Florida did not proceed substantially in accordance with the "Act" and the factual circumstances do not meet the jurisdictional standards of the "Act".
Appellant contends on appeal that the trial court erred in determining that it had subject matter jurisdiction to determine the custody matter under the UCCJA. We agree. Resolution of that issue is governed by section 61.1308, Florida Statutes (1993). That section provides Florida courts with jurisdiction to make a child custody determination if any of the following grounds are present:
(1) the state is the home state of the child at the time of the commencement of the proceeding or Florida had been the child's home state within six months before commencement of the proceeding; or
(2) it is in the best interest of the child that Florida assume jurisdiction because the child and his parents or the child and at least one contestant have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships; or
(3) the child is physically present in Florida and (a) the child has been abandoned, or (b) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(4) it appears that no other state would have jurisdiction or another state has declined to exercise jurisdiction on the ground that Florida is the more appropriate forum to determine the custody of the *770 child and it is in the best interest of the child that a Florida court assume jurisdiction.
McCabe v. McCabe, 600 So.2d 1181 (Fla. 5th DCA 1992). See also § 61.1308, Fla.Stat. (1993).
In this case, the trial court found that it had subject matter jurisdiction on the ground that "this is the last place that the parties resided together with the minor child" and on the ground that "[i]t is in the best interests of the minor child to award custody to the Petitioner [appellee]." The first reason is improper because it does not fall within any of the enumerated grounds in section 61.1308 and the second reason is improper because it is not supported by the record. Specifically, the first ground is inapplicable because Florida is not and was not Rhyannon's home state within six months before the commencement of appellee's petition to establish custody. To qualify as the home state, the child must have lived in the state with his parent or parents for six consecutive months immediately before the time involved. § 61.1306(5), Fla.Stat. (1993). The second ground is also inapplicable because the record does not show if an evidentiary hearing was held to determine whether the child and his parent or parents have a significant connection with the state and to determine whether there is available in the state substantial evidence concerning the child's present or future care, protection, training and personal relationships. Additionally, the trial court failed to make any findings. The third factor is likewise inapplicable because there has been no showing that appellant abandoned or threatened with mistreatment or abuse or otherwise neglected the child. Finally, the fourth factor is inapplicable because the state of Illinois exercised jurisdiction in the cause on March 8, 1995 by awarding appellant temporary custody of the child before the Seminole County trial court awarded appellee temporary custody of the child the next day.
Appellant additionally contends that the trial court erred by determining that it had personal jurisdiction over her. We agree because the court's determination that it had personal jurisdiction over her is irrelevant. In Balestrieri v. Maliska, 622 So.2d 561 (Fla. 4th DCA 1993), the court held that personal jurisdiction is not required to make an out-of-state parent a party to a custody case in which a Florida court has subject matter jurisdiction. Concluding that the long-arm provisions of the UCCJA do not violate due process, the court reasoned that requiring personal jurisdiction would be contrary to the provisions of the act authorizing long-arm service and would frustrate the primary purposes for adoption of the act which are to avoid jurisdictional competition and conflict with courts of other states in child custody matters and to encourage custody litigation in the state where the child and his family have the closest connection. See also Warfield v. Warfield, 661 So.2d 924 (Fla. 4th DCA 1995).
Accordingly, the final judgment awarding appellee primary residential custody of the parties' child is reversed.
REVERSED.
W. SHARP, and HARRIS, JJ., concur.
NOTES
[1] A later order rendered by that court on December 4, 1995 indicates that 1) appellant filed her petition on February 7, 1995; 2) she appeared at a hearing on the matter on February 9th; 3) the court's order was entered on the same date; 4) appellee's attorney was notified of the order by a letter sent by facsimile and certified mail on February 10th; and 5) the Seminole County trial court was also notified of and provided with a copy of the order by facsimile and certified mail sent on the same date.