695 So.2d 411 (1997)
Birgit Regina DORRITY, Appellant,
v.
Charles Edward DORRITY, Jr., Appellee.
No. 96-2906.
District Court of Appeal of Florida, Fifth District.
May 16, 1997.
Rehearing Denied June 10, 1997.
*412 Michael C. Berry, Sr., of Michael C. Berry & Associates, P.A., Clearwater, for Appellant.
Carol Ann Volini of Carol Ann Volini, P.A., Ocala, for Appellee.
DAUKSCH, Judge.
Appellant appeals the trial court's order granting appellee temporary custody of the parties' child. The issue on appeal is whether the trial court had subject matter jurisdiction. See § 61.1308, Fla. Stat. (1995).
The record shows that appellee is a U.S. citizen and a member of the U.S. Army. In March of 1993, while stationed in Germany, he and appellant, a German citizen, married. They had a child on August 8, 1994. On June 21, 1996, with the appellee's enlistment period almost finished, the parties moved to the United States. They lived with appellee's parents in Ocala, Florida from June 21, 1996 until July 12, 1996. Neither party established a permanent residence.
Appellee thereafter told appellant, who was unfamiliar with United States laws, that she must return to Germany immediately or that HRS would take her child from the home. Appellee refused to allow appellant visitation with the child or to disclose the whereabouts of the child's caretaker. He drove her to the airport, bought her a ticket and placed her on a direct flight to Germany.
On July 18th, appellee filed a petition for custody pursuant to section 61.10, Florida Statutes (1995) and requested an emergency ex parte order for temporary custody of the minor child alleging abuse of the child by appellant. He also alleged in his petition that appellant's whereabouts were unknown. The trial court entered an order on July 19th granting appellee's petition for temporary custody of the child.
Meanwhile, a German court entered an order granting appellant custody of the child because Germany was the child's place of residence. On August 7th, she filed with the Florida trial court the order from the German court, dated August 1, 1996, granting her motion for temporary custody. She also filed a motion to dismiss appellee's custody petition.
A hearing was held after which the trial court found in part that 1) it did not have emergency jurisdiction under section 61.1308(1)(c)2., Florida Statutes (1995); 2) it had subject matter jurisdiction because the parties had lived in Florida for several weeks and appellant had intended to stay in the state; 3) appellant was designated as the child's primary residential parent provided she "obtain from the German Court, a court order which shall recognize and enforce this court's orders and jurisdiction over the minor child;" and 4) appellee was awarded reasonable visitation.
Section 61.1308, Florida Statutes (1995) provides Florida courts with jurisdiction to make a child custody determination under any of the following grounds:
(a) This state:

*413 1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his or her removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his or her parents, or the child and at least one contestant have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he or she has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d)1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody.
Flores v. Saunders, 674 So.2d 767 (Fla. 5th DCA), rev. den., 687 So.2d 1305 (Fla.1996). See McCabe v. McCabe, 600 So.2d 1181 (Fla. 5th DCA 1992).
Appellant contends that the trial court erred by determining that it had subject matter jurisdiction for several reasons. First, Florida is not the child's home state. In Flores, the court held that "[t]o qualify as the home state, the child must have lived in the state with his parent or parents for six consecutive months immediately before the time involved." Id., 674 So.2d at 769 [citing § 61.1306(5), Fla. Stat. (1993)]. Appellant also relies on McCabe in which the court held that even if a child's legal domicile is in a certain state, that state is not the child's home state unless the child lived there for six months before commencement of the custody proceeding. See Jackson v. Jackson, 390 So.2d 787 (Fla. 1st DCA 1980).
Appellee contends in response that the parties and their minor child abandoned Germany and intended to permanently relocate to Florida. However, for Florida to become the child's home state, he must have lived there with a parent or parents for at least six months before commencement of the custody proceeding. § 61.1308(1)(a)2., Florida Statutes (1995).
Second, appellant contends that it is not in the best interest of the child for the Florida court to assume jurisdiction because the child has no significant connection with the state. The trial court made no findings with regard to the child's connections with the state. The record shows, however, that the facts and circumstances surrounding his upbringing all occurred in Germany. Likewise, there is no substantial evidence concerning his present or future care, protection or training and personal relationships in the state because he lived there for only one month before the custody proceeding. The Flores court said that "since the child live[d] in Florida for only three months, the connection to Florida is minimal especially in light of the fact that the child resided ... [with] family members and did not ... [occupy] premises leased or owned by Petitioner or Respondent." Id., 674 So.2d at 768. In this case, the child's only residence outside of *414 Germany before commencement of the custody proceeding in this state was with the parties at appellee's parent's house for less than one month.
Appellee contends in response that the child has significant connections with Florida. Specifically, he lived with the parties in the state until appellant left for Germany. However, the Flores court held that such connections are minimal at best. Id.
The third statutory ground which allows a Florida court to assume subject matter jurisdiction over a child custody matter requires a showing that a party abandoned or threatened with mistreatment or abuse or otherwise neglected the child. Appellee maintains that temporary custody of the child was at issue because of his allegation of abuse against appellant. The trial court found that no emergency existed which required it to assume jurisdiction.
The final statutory ground which allows a Florida court to assume jurisdiction over a child custody matter is that no other state would have jurisdiction or that another state has declined to exercise jurisdiction on the ground that Florida is the more appropriate jurisdiction and it is in the best interest of the child that this state assume jurisdiction. Appellant contends that Germany is more appropriate and that it has already assumed jurisdiction. Additionally, she provided notice to the Florida trial court that a German court had exercised its jurisdiction and made a temporary ruling on the child custody matter until a full hearing could be held on the merits. The record shows that appellee filed his motion for emergency custody on July 18, 1996. Appellant filed a motion for temporary custody with the German court on August 1st. By the time appellant had filed her motion with the German court, the Florida court had already assumed jurisdiction and had entered a temporary custody order in favor of appellee. However, Germany is another state that would have jurisdiction under section 61.1308. See § 61.1348, Fla. Stat. (1995). In addition, Germany is where the child was raised and is still the child's home state.
The Florida court does not have jurisdiction over the child custody matter under section 61.1308 for several reasons. First, Florida is not the child's home state because he did not live in the state within six months before commencement of the custody proceeding. Second, there is nothing in the record that supports the conclusion that he has a significant connection with the state. Third, the trial court made a finding that there was no emergency which required it to assume jurisdiction. Finally, there must be no other state which would have jurisdiction. In fact, Germany has jurisdiction because appellant returned to live in Germany and the German court exercised its jurisdiction in the matter.
Accordingly, the trial court's order determining that it had subject matter jurisdiction under section 61.1308 is reversed.
REVERSED.
PETERSON, C.J., and GOSHORN, J., concur.