1999 OK CIV APP 11

Felipe PERDOMO, Plaintiff/Appellant,

v.

Melissa A. FULLER, Defendant/Appellee.

No. 91,987.

Court of Civil Appeals of Oklahoma, Division No. 3.

Dec. 29, 1998.

M. Sandlin Grimm, Oklahoma City, Oklahoma, For Plaintiff/Appellee.

David W. Echols, Oklahoma City, Oklahoma, For Defendant/Appellee.

Opinion by KENNETH L. BUETTNER, Presiding Judge.

¶1 Felipe Perdomo filed a petition January 8, 1998 for determination of paternity in his county and state of residence, Oklahoma

County, Oklahoma pursuant to The Uniform Interstate Family Support Act, 43 O.S. Supp. 1994 § 601–101 et seq. He alleged that he was the father of a child conceived by Melissa A. Fuller during Fuller's visit to Oklahoma in August 1995. Fuller is married and a Wisconsin resident. Fuller gave birth to a daughter May 9, 1996, who has been a Wisconsin resident since birth.

¶ 2   Fuller was served in Wisconsin. She subsequently filed a motion to dismiss or, in the alternative, to transfer the case to Wisconsin. The court declined jurisdiction and dismissed the action. We find the court abused its discretion in dismissing the action when an avenue for transfer is provided by statute. We reverse the dismissal and remand the matter with directions to forward the matter to Wisconsin.[1]

¶ 3   The Uniform Interstate Family Support Act (UIFSA or the Act), although dealing mainly with child support, provides a means for the court to assume personal jurisdiction in a paternity action over nonresident individuals.[2]   43   O.S.Supp.1994   § 601–301(6)(7).   Specifically,   43   O.S.Supp.1994 § 601–201(6) states:

> In a proceeding to establish, enforce, or modify a support order **or to determine parentage**, a tribunal of this state may exercise personal jurisdiction over a nonresident individual or the individual's guardian or conservator if:
>
>           * * *
>
> 6.   The individual engaged in sexual intercourse in this state and the child may have been conceived by that act of intercourse.[3]

¶ 4   The Act provides a means of acquiring evidence in distant forums, and provides that evidence transmitted from another state or tribunal of this state by telephone or other means which does not provide an original may not be excluded from evidence because of the means of transmission; and that the court may accept testimony of nonresident witnesses through telephone or electronic means.   43   O.S.Supp.1994   § 601–316(E)(F). Section 601–317 of the Act permits a tribunal of this state to:

> communicate with a tribunal of another state in writing, or by telephone or other means, to obtain information concerning the laws of that state, the legal effect of a judgment, decree, or order of that tribunal, and the status of a proceeding in the other state. A tribunal of this state may furnish similar information by similar means to a tribunal of another state.

Further, the Act allows a tribunal of this state to ask a tribunal of a sister state to assist with obtaining discovery and may compel a person over whom it has jurisdiction to respond to a discovery order of another state.   43 O.S.Supp.1994 § 601–318.

■■■   ¶ 5   Pursuant to the Act, the Oklahoma court had the power to assume jurisdiction over the matter and the parties. Its declination to do so is a statement of its authority to assume jurisdiction. In effect, the court has stated that another tribunal is a more convenient forum for the matter. "The principle of forum non conveniens is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corporation v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 842, 91 L.Ed. 1055 (1947)("... the doctrine of forum non conveniens permits a court to resist imposition upon its jurisdiction even when jurisdiction is authorized by the statute." *Groendyke Transport, Inc. v. Cook*, 1979 OK ——, 594 P.2d 369, 372.) The court's decision is one of discretion. *Id.* at 508, 67 S.Ct. at 843. It weighs factors such as the private interest of the litigant;   relative ease of access to sources of proof;   availability of compulsory process for attendance of unwilling, as well

---

1.   Wisconsin adopted the Uniform Interstate Family Support Act in October 1997. See WSA 769.101 et seq.

2.   The parties, at the trial level and on appeal, address the applicability of paternity determinations pursuant to 10 O.S.Supp.1997 § 70 et seq. We need not address whether the trial court

could have acquired personal jurisdiction over Fuller solely under 10 O.S.Supp.1997 § 70 et seq. because plaintiff relied on the UIFSA.

3.   Fuller did not question the constitutionality of § 601–202(6).

as cost of attendance of willing, witnesses; practicalities of an expeditious and inexpensive trial and enforcement of the judgment. *Id.* at 508, 67 S.Ct. at 843.

¶6 We also note that a court located where the child resides may be in a better position to deal with the collateral issues that plaintiff raises in his pleadings: support and maintenance of the child, and proper surname of the child. Although not specifically raised by plaintiff, the question of custody will likewise be an important issue should paternity be established.

¶7 The doctrine of *forum non conveniens* specifically applies when a court has jurisdiction of the subject matter and the parties, but declines to exercise that jurisdiction because there is a more convenient forum to resolve the dispute. Although the Act has attempted to deal with many of the problems associated with interstate lawsuits, we are nonetheless reluctant to disturb an Oklahoma tribunal's declination of jurisdiction pursuant to the Act. According to plaintiff, more is at stake in this lawsuit than simply asking for blood tests. We agree with the trial court that Wisconsin, the state where the mother is a citizen and child has always resided, is the more convenient forum to hear this paternity action. We find the trial court erred, however, when it failed to transfer, or forward, the case to Wisconsin. 43 O.S.Supp.1994 § 601–203.[4] Where a statute specifically authorizes transfer to the more convenient forum, the better practice is to transfer the action rather than dismiss it. For this reason, we reverse the dismissal and remand the matter to the trial court with directions to forward the case to Wisconsin.

REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, J., and ADAMS, J., concur.

---

4. Under this act, a tribunal of this state may serve as an initiating tribunal to forward proceedings to another state and as a responding tribunal for proceedings initiated in another state.