825 So.2d 481 (2002)
Robert A. MUNNERLYN, Appellant,
v.
Leland WINGSTER, Appellee.
No. 5D01-2925.
District Court of Appeal of Florida, Fifth District.
August 30, 2002.
Scott E. Siverson, Orlando, for Appellant.
No Appearance for Appellee.
PALMER, J.
Robert Munnerlyn (father) appeals the trial court's order dismissing his petition to determine paternity and child custody for lack of subject matter jurisdiction. Since the undisputed evidence shows that, even though the child was conceived in Florida and the father resides in Florida, the child has no significant connection with Florida and Michigan is the child's home state, we affirm.
The father filed a petition to determine paternity and child custody in the Orange County circuit court. The petition alleged that the father and the mother engaged in sexual intercourse in Florida resulting in conception of their child. The petition further alleged that the father lives in Florida but that the mother and child live in Michigan, and that the mother had abandoned the child. The attached UCCJA affidavit stated that the child was born in Michigan. The mother answered the petition, admitting paternity, conception in Florida, and residence in Michigan, but she denied abandoning the child.
The mother filed a motion to dismiss the father's petition for lack of subject matter jurisdiction. After conducting a hearing thereon, the trial court granted the motion *482 and dismissed the action. The father appeals.
A trial court's determination of subject matter jurisdiction is subject to an abuse of discretion standard of review. See Birnbaum v. Birnbaum, 615 So.2d 241 (Fla. 3d DCA 1993).
The father argues that the trial court possessed subject matter jurisdiction over the instant paternity suit because the child was conceived in Florida, the father resides in Florida, the father promptly asserted his parental rights, and no other state has asserted jurisdiction. We disagree.
Section 61.1308, Florida Statutes (2001), confers subject matter jurisdiction upon the circuit courts to decide child custody matters as follows:
61.1308 Jurisdiction.
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state:
1. Is the home state of the child at the time of commencement of the proceeding, or
2. Had been the child's home state within 6 months before commencement of the proceeding and the child is absent from this state because of his or her removal or retention by a person claiming custody or for other reasons, and a parent or person acting as parent continues to live in this state;
(b) It is in the best interest of the child that a court of this state assume jurisdiction because:
1. The child and his or her parents, or the child and at least one contestant, have a significant connection with this state, and
2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships;
(c) The child is physically present in this state and:
1. The child has been abandoned, or
2. It is necessary in an emergency to protect the child because he or she has been subjected to or threatened with mistreatment or abuse or is otherwise neglected; or
(d)1. It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), paragraph (b), or paragraph (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and
2. It is in the best interest of the child that a court of this state assume jurisdiction.
(2) Except under paragraph (c) or paragraph (d) of subsection (1), physical presence in this state of the child, or of the child and one of the contestants, is not alone sufficient to confer jurisdiction on a court of this state to make a child custody determination.
(3) Physical presence of the child, while desirable, is not a prerequisite for jurisdiction to determine custody.
The father first argues that this section confers subject matter jurisdiction on the Orange County circuit court because the child was conceived in Florida. However, nothing in section 61.1308 discusses conception as being a factor in determining subject matter jurisdiction. The father also argues that section 61.1308 should be read in para materia with section 48.193(1)(h), Florida Statutes (2001), which gives Florida courts in personam jurisdiction in paternity proceedings when the *483 parents "engag[e] in the act of sexual intercourse within this state with respect to which a child may have been conceived." However, the issue in this case is subject matter jurisdiction (i.e. the trial court's authority to decide the issue of child custody), not personal jurisdiction.
The father further relies on two Florida cases, but such reliance is misplaced. First, he cites to Mann v. Mann, 798 So.2d 24 (Fla. 5th DCA 2001), wherein this court per curiam affirmed an order denying a motion to enforce jurisdiction over child custody matters. In her dissent, Judge Griffin argued that there was sufficient evidence to show that the child and one parent had a significant connection to Florida under section 61.1308(1)(b)1 of the Florida Statutes. Her position was based on the fact that the Florida court had already exercised jurisdiction in the past and should not have given it up. This case did not invoke the conception issue raised herein, and a dissenting opinion possesses no precedential value.
Next, the father cites to Keveloh v. Carter, 699 So.2d 285 (Fla. 5th DCA 1997), wherein this court wrote:
Under the UCCJA, Florida lacks subject matter jurisdiction. The parties' son was conceived in Illinois, was born in Illinois, and has lived most of his life in Illinois. Florida was never the child's home state. Nor was it the child's home state within six months before this action was commenced. See § 61.1308(1)(a), Fla. Stat. (1995). The child is not present in Florida and there is no basis for emergency jurisdiction. Illinois is clearly the only appropriate forum to decide the paternity and custody issues concerning Shawn. See Dorrity v. Dorrity, 695 So.2d 411 (Fla. 5th DCA 1997); Flores v. Saunders, 674 So.2d 767 (Fla. 5th DCA), rev. denied, 687 So.2d 1305 (Fla.1996); Chapoteau v. Chapoteau, 659 So.2d 1381 (Fla. 3d DCA 1995). Because the Florida court lacked subject matter jurisdiction, its paternity and custody order is void. Chapoteau.

Id. at 287 (emphasis added). The father contends that this language supports his argument that conception in Florida is sufficient to confer subject matter jurisdiction. We disagree. In fact, this case supports the mother because it recognizes that the state where the child was born and has lived his entire life is the home state. In the instant case, that state is Michigan.
The father also cites two out-of-state cases for the proposition that other states have recognized subject matter jurisdiction based on conception. In Perdomo v. Fuller, 1999 OK Civ.App. 11, 974 P.2d 185 (Okla.Civ.App. Div. 3 1998), an Oklahoma appellate court held that a personal jurisdiction statute, similar to section 48.193(1)(h), Florida Statutes which gave the court personal jurisdiction to determine paternity but not subject matter jurisdiction over child custody, conferred jurisdiction over the parties and the case because the child was conceived in Oklahoma. Significantly, however, this case was a paternity case in which child custody was not raised. In fact, the appellate court noted that "a court located where the child resides may be in a better position to deal with the collateral issues that plaintiff raises in his pleadings.... Although not specifically raised by plaintiff, the question of custody will likewise be an important issue should paternity be established." Id. at 187. Similarly, in Rebecca B.W. v. Stephen B., 131 Misc.2d 651, 501 N.Y.S.2d 272 (N.Y.Fam.Ct.1986), a New York trial court held there was no subject matter jurisdiction over the appellant's paternity suit:
Petitioner is a Washington state resident whose child was born there. Respondent was not served because he no *484 longer can be found in New York where he once worked, and may have resided. The petition contains no allegation that Petitioner was ever present in New York, or that the parties had sexual intercourse resulting in conception here. The papers are devoid of material positing a connection between the parties and New York. Therefore New York lacks subject matter jurisdiction.
Id. at 272. Like Perdomo, this case makes no mention of child custody, only paternity.
While the father acknowledged below that his domicile in Florida did not constitute a "significant connection" for purposes of subject matter jurisdiction, he now argues on appeal that it does. That contention has been uniformly rejected by Florida courts. See Abuchaibe v. Abuchaibe, 751 So.2d 1257 (Fla. 3d DCA 2000) (holding: "This Court and other district courts have made clear that merely having a parent who lives in Florida will not support a finding under section 61.1308(1)(b) that the child has a significant connection with this state", citing to Gonzalez v. Gonzalez, 654 So.2d 257 (Fla. 3d DCA 1995)); see also Dorrity v. Dorrity, 695 So.2d 411 (Fla. 5th DCA 1997); Kennedy v. Kennedy, 559 So.2d 713 (Fla. 5th DCA 1990); Brown v. Tan, 395 So.2d 1249 (Fla. 3d DCA 1981); Hegler v. Hegler, 383 So.2d 1134 (Fla. 5th DCA 1980).
Finally, the father argues that the trial court's dismissal order must be reversed because subject matter jurisdiction lies where there is "conception in Florida coupled with allegations of misconduct". However, the father failed to properly preserved this issue for appellate review because he did not raise this basis for subject matter jurisdiction in the trial court and resolution of the misconduct issue can not be resolved on the existing record, because it would require further fact finding. See, Zuliana de Aviacion v. Herrera, 763 So.2d 499 (Fla. 3d DCA 2000); Florida Auto. Dealers Indus. Benefit Trust v. Small, 592 So.2d 1179 (Fla. 1st DCA 1992).
Having found no merit to the claims raised by the father, we affirm the trial court's dismissal order.
AFFIRMED.
SHARP, W., and HARRIS, JJ., concur.