# Illinois Official Reports

## Appellate Court

---

### *In re Marriage of Rickett*, 2020 IL App (3d) 180657

---

| | |
|---|---|
| Appellate Court Caption | *In re* MARRIAGE OF BRETT M. RICKETT, Petitioner-Appellant, and HONG Y. RICKETT, Respondent-Appellee. |
| District & No. | Third District<br>No. 3-18-0657 |
| Filed | March 11, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 17-D-527; the Hon. Timothy J. Cusack, Judge, presiding. |
| Judgment | Reversed and remanded with directions. |
| Counsel on Appeal | Kirk W. Bode, of Pekin, for appellant.<br><br>David M. Lynch, of Lynch and Bloom, P.C., of Peoria, for appellee. |
| Panel | PRESIDING JUSTICE LYTTON delivered the judgment of the court, with opinion.<br>Justices Holdridge and Wright concurred in the judgment and opinion. |

¶ 1     Petitioner, Brett Rickett, appeals from the denial of his petition for legal separation from respondent, Hong Rickett, who resides in Oklahoma with the parties' two children. On appeal, he claims that the trial court erred in dismissing his petition because Illinois is the only court with jurisdiction under the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) (750 ILCS 36/101 *et seq.* (West 2018)). We reverse and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3     Brett and Hong Rickett married on August 25, 1999, in China. In January 2001, Hong moved to the United States to live with her husband in Illinois. On December 23, 2001, the Ricketts welcomed their first child, a daughter, and on March 13, 2007, their son was born.

¶ 4     In April 2017, Brett and Hong traveled to Oklahoma to look for a home. On April 18, 2017, Hong moved to Oklahoma and left the children in Illinois to finish out the school year. The children completed the spring semester in Illinois, and, at the end of the summer, Brett and the children moved to Oklahoma to live with Hong.

¶ 5     On August 14, 2017, the Ricketts purchased a home in Oklahoma. On August 15, 2017, the children began attending school in Oklahoma. On September 1, 2017, Brett returned to Illinois.

¶ 6     On December 7, 2017, Brett, while living in Illinois, filed a petition for legal separation in the circuit court of Tazewell County. In his petition, he sought maintenance and child support and requested the allocation of parenting time and decision-making responsibilities between the parties.

¶ 7     On December 18, 2017, Hong filed a petition for dissolution of marriage in the Oklahoma court system.

¶ 8     On February 14, 2018, Hong moved to dismiss Brett's petition for legal separation. In her motion, she argued that the case should be dismissed and that the matter should be transferred to Oklahoma where the children had resided for more than six months. In response, Brett filed a "Petition for Leave to Amend" his petition for legal separation, seeking to add a count for dissolution of marriage.

¶ 9     At the hearing on the parties' motions, Brett argued that, under the UCCJEA, Illinois was the only state that had jurisdiction over the parties. Hong opposed Brett's motion to amend and argued that his petition for legal separation should be dismissed because the petition for dissolution filed in Oklahoma "took priority" over Brett's petition for legal separation. In the alternative, she maintained that the more convenient forum under the UCCJEA was Oklahoma and that the case should be transferred to that state.

¶ 10    After considering the parties' arguments, the trial court stated:

> "I'll talk to the judge in Oklahoma if that's what you want, Kirk [(Counsel for Brett)]. However, I'm inclined at this point in time not to discuss the legal separation, but if you're talking about the proper—I think Illinois is the proper jurisdiction.
>
> I think Oklahoma is the proper jurisdiction, too, and for the factors that are usually raised in determining what's the better jurisdiction and the better venue, I think those factors, just based upon what I've heard thus far, is going to be Oklahoma.

The kids are out there. The parties intended to be out there. Your client moved out there or went out there with the kids and dropped them off out there, bought a house out there, so the contemplation was is [*sic*] that the kids were going to stay out there and that was going to be their home state.

I don't know why now hauling them back for—it would be impractical at best to ask that the kids come back here. If I were to appoint a GAL, to ask for mediation, to obtain any of the records, to have the kids testify.

That's a huge burden at this point in time that doesn't have to be met when one party instead could travel out to Oklahoma to accomplish the same things, so if you want me to, I'd be happy to talk to the judge out in Oklahoma, but my inclination at this point in time is that the matters—that the divorce out there take place out there."

¶ 11 In its written order, the trial court stated that it had "consulted with Judge Jack McCurdy, presiding in Canadian County, Oklahoma over FD2017684, a dissolution matter pending between the same parties." The court granted Hong's motion and dismissed the petition for legal separation, finding that Oklahoma was the more appropriate venue for the dissolution proceedings.

¶ 12 Brett's motion to reconsider was denied, and he filed a notice of appeal, arguing that the trial court erred in dismissing his petition for legal separation and denying his motion for leave to amend his petition.

¶ 13 II. ANALYSIS

¶ 14 A. Jurisdiction Under the UCCJEA

¶ 15 On appeal, Brett argues that the trial court erred in dismissing his petition for legal separation because Illinois was the only state with jurisdiction to make a custody determination. In the alternative, Brett maintains that the court erred in declining to exercise jurisdiction under section 207 of the UCCJEA. *Id*. § 207.

¶ 16 Under section 201(a) of the UCCJEA, a court of this state had jurisdiction to make an initial custody determination if:

"(1) [Illinois] is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this State but a parent or person acting as a parent continues to live in this State; [or]

(2) a court of another state does not have jurisdiction under paragraph (1), or a court of the home state of the child has declined to exercise jurisdiction on the ground that this State is the more appropriate forum under Section 207 or 208[.]" *Id*. § 201(a).

Critical in determining child custody jurisdiction is the definition of "home state." Section 102(7) of the UCCJEA defines "home state" as "the state in which a child lived with a parent or a person acting as a parent for a least six consecutive months immediately before the commencement of a child-custody proceeding." *Id.* § 102(7).

¶ 17 Once jurisdiction has been established, a court may decline to exercise jurisdiction in light of certain circumstances. Section 207 of the UCCJEA states that "[a] court of this State which has jurisdiction under this Act to make a child-custody determination may decline to exercise its jurisdiction at any time if it determines that it is an inconvenient forum under the circumstances and that a court of another state is a more appropriate forum." *Id.* § 207(a). The

primary objective of the trial court in considering whether to decline to exercise jurisdiction over custody disputes is to determine which court can most capably act in the best interests of the children. *In re Marriage of Blanchard*, 305 Ill. App. 3d 348, 353 (1999). In determining whether the forum is inconvenient, the following statutory factors should be considered:

> "(1) whether domestic violence has occurred and is likely to continue in the future and which state could best protect the parties and the child;
>
> (2) the length of time the child has resided outside this State;
>
> (3) the distance between the court in this State and the court in the state that would assume jurisdiction;
>
> (4) the relative financial circumstances of the parties;
>
> (5) any agreement of the parties as to which state should assume jurisdiction;
>
> (6) the nature and location of the evidence required to resolve the pending litigation, including testimony of the child;
>
> (7) the ability of the court of each state to decide the issue expeditiously and the procedures necessary to present the evidence; and
>
> (8) the familiarity of the court of each state with the facts and issues in the pending litigation." 750 ILCS 36/207(b) (West 2018).

¶ 18 A decision to decline jurisdiction in favor of a foreign court will be affirmed absent an abuse of discretion. *Blanchard*, 305 Ill. App. 3d at 353. An abuse of discretion occurs only where no reasonable person could agree with the trial court. *In re Marriage of Hall*, 278 Ill. App. 3d 782, 785 (1996).

¶ 19 Here, the trial court properly determined that it had jurisdiction. The children moved to Oklahoma on August 10, 2017. Four months later, on December 7, 2017, Brett filed his petition for legal separation, seeking an initial custody determination. Thus, Illinois was the home state of the children at the commencement of the proceedings, and the trial court had jurisdiction on that basis.

¶ 20 Even if a court of this state has exclusive and continuing jurisdiction, it may nonetheless decline to exercise that jurisdiction if it finds that Illinois is an inconvenient forum under section 207 of the UCCJEA. See 750 ILCS 36/207(a) (West 2018); see also *Blanchard*, 305 Ill. App. 3d at 353-54. Again, in this case, the trial court properly determined that Oklahoma was the more appropriate forum in which to adjudicate custody of the children. At the hearing on the motion to dismiss, Hong asserted that Oklahoma was the more appropriate forum because the children had lived in Oklahoma for several months, they had attended a year of school in Oklahoma, most of the evidence concerning their care and wellbeing was in Oklahoma, and Hong had filed a judgment for dissolution in Oklahoma. Brett offered no evidence to dispute these allegations except to claim that Illinois had exclusive jurisdiction as the children's home state. The trial court properly considered the parties' arguments in light of the statutory factors under section 207.

¶ 21                              B. Communication With Oklahoma Court

¶ 22 In reaching its decision, however, the trial court committed a procedural error. As Brett argues and Hong concedes, the trial court failed to make an appropriate record of its communication with the Oklahoma court.

¶ 23     Section 110(a) of the UCCJEA provides that courts of two states may communicate concerning a child-custody proceeding arising under the act. 750 ILCS 36/110(a) (West 2018). Those communications may include the participation of the parties. *Id.* § 110(b). If the parties are not able to participate, they must be given the chance to present facts and legal arguments before a decision on jurisdiction is made. *Id.* The parties need not be informed if the communication concerns schedules, calendars, court record, and similar matters, and a record of the communication is not required. *Id.* § 110(c). Otherwise, a record must be made of the communication, and the parties must be promptly informed and granted access to the record. *Id.* § 110(d). A record of the communication means that the information must be inscribed on a tangible medium or stored in an electronic format. *Id.* § 110(e).

¶ 24     The record on appeal demonstrates that the trial court contacted the judge in Canadian County, Oklahoma, and discussed the case by phone but did not record or transcribe the phone call. Further, after the trial court communicated with the Oklahoma court, the parties were not allowed to present facts and legal arguments before the court decided the jurisdictional issue. The failure to make a record of the communication requires us to remand the case to the trial court for compliance with the statutory requirements. See *Hedrick-Koroll v. Bagley*, 352 Ill. App. 3d 590, 594 (2004) (case remanded with instructions where, in extending plenary order of protection, trial court failed to make findings in "an official record or writing" as required by statute). On remand, the trial court should make a record of the communication that provides information to the parties regarding the substance of the call. Once this procedural error is corrected and an appropriate record has been made and a hearing held, the trial court should again determine whether Illinois is an inconvenient forum for child custody proceedings under section 207.

¶ 25                                        III. CONCLUSION

¶ 26     The judgment of the circuit court of Tazewell County is reversed and remanded with directions to make a record of the communication with the Oklahoma court and conduct a new hearing on the appropriate forum under section 207 of the UCCJEA.

¶ 27     Reversed and remanded with directions.