2021 IL App (1st) 200513-U

FOURTH DIVISION
February 18, 2021

No. 1-20-0513

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the |
| | ) | Circuit Court of |
| PAMELA SOMAN, | ) | Cook County |
| | ) | |
| Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | |
| | ) | No. 11 D 6535 |
| ANDREW CWIK, | ) | |
| | ) | |
| Respondent-Appellant. | ) | Honorable |
| | ) | Robert Johnson, |
| | ) | Judge Presiding. |
| | ) | |

_____

JUSTICE REYES delivered the judgment of the court.
Justice Martin concurred in the judgment.
Presiding Justice Gordon specially concurred.

**ORDER**

¶ 1    *Held*:   Affirming the circuit court's dismissal of respondent's petitions to enroll a foreign judgment of dissolution and granting petitioner's attorney fee petition where the record on appeal is insufficient for review of respondent's claims.

¶ 2    In this postdissolution litigation, respondent Andrew Cwik (Andrew), *pro se*, seeks to appeal an order of the circuit court of Cook County dismissing his petitions to enroll a foreign judgment for dissolution of marriage and to modify child support.  Andrew also seeks to appeal

the circuit court's award of attorney fees to petitioner Pamela Soman (Pamela). For the following reasons, we affirm.

¶ 3                                    BACKGROUND

¶ 4     The litigation surrounding the dissolution of Andrew and Pamela's marriage is lengthy and complex; accordingly, we recite only those facts pertinent to this appeal. Andrew and Pamela were married in 1996 and divorced in 2009 in Hamilton County, Ohio. On October 30, 2009, the court of common pleas in Hamilton County, Ohio (Ohio court) entered a divorce decree in case number DR0700706, naming Pamela the "residential parent and legal custodian" of their two children.

¶ 5     On January 19, 2010, the Ohio court entered an order granting Pamela's motion to relocate to Chicago. The order also provided that if Andrew were to relocate to Chicago, the parenting time shall remain the same as provided in the divorce decree. Thereafter, in August 2010, Pamela and her two minor children moved to Chicago.

¶ 6     On October 15, 2010, the Ohio court entered an order in case number DR0700706 as a result of Andrew's vexatious litigation in the domestic relations case. The order stated in relevant part:

> "This Court hereby enjoins and prohibits Andrew Cwik from the filing of any further litigation against *** Pamela Soman, including filing of any petitions for civil protection orders or motions in the above-captioned divorce case in the Court of Common Pleas, Division of Domestic Relations and must seek leave of court prior to the filing of any additional litigation, complaints, petitions or motions during the dates of the Preliminary Injunction in case number A1006342 [the separate civil proceedings] ***."

¶ 7     In June 2011, Pamela filed a motion to modify Andrew's parenting time in the Ohio

court. Around this same time, Andrew filed two petitions in the circuit court of Cook County: (1) a petition to enroll foreign judgment for dissolution of marriage; and (2) a petition to modify parenting schedule. Andrew's petition to enroll foreign judgment stated that both parties and the minor children have resided in Chicago, Illinois, for a period in excess of 90 days. The petition to modify parenting schedule stated Andrew moved to Chicago in November 2010.

¶ 8    On July 14, 2011, the Ohio court granted Pamela's motion to modify Andrew's parenting time. The Ohio court's order stated in relevant part: (1) the court concluded Andrew "remains a resident of Hamilton County" as all notices of appeal included his Cincinnati address and he did not file an intent to relocate with the court; (2) the court was not apprised of any ongoing litigation regarding the reallocation of parental rights and responsibilities of the minor children of the parties in any other court; (3) the court "retains exclusive continuing jurisdiction over the issue of reallocation of parental rights and responsibilities of the minor children of the parties pursuant to Ohio Revised Code Section 3127.16, The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), and this Court further fully intends to retain and exercise its continuing jurisdiction within the confines of the law."

¶ 9    On August 3, 2011, Pamela filed a motion to dismiss Andrew's petitions to enroll foreign judgment of dissolution of marriage and to modify parenting time in the circuit court of Cook County, pursuant to section 2-619 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2–619 (West 2010)). Pamela's motion asserted Andrew's petitions were filed to forum shop and evade the Ohio courts and argued: (1) the Ohio court had exclusive jurisdiction pursuant to sections 203 and 206 of the UCCJEA (750 ILCS 36/203, 206 (West 2010)); (2) Andrew incorrectly relied on section 512(c) of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/512(c) (West 2010)); and (3) Andrew failed to attach the complete judgment

and post-decree documents as required by section 511(c) of the Act (750 ILCS 5/511(c) (West 2010)). Pamela also sought attorney fees and costs from Andrew as part of her prayer for relief. On August 10, 2011, Andrew filed a response to the motion to dismiss, arguing Illinois had jurisdiction pursuant to the UCCJEA.

¶ 10    On August 15, 2011, with counsel for both parties present, the circuit court granted Pamela's motion with prejudice and denied Andrew's petitions. The circuit court also granted Pamela leave to file a petition for attorney fees and costs and removed the matter from the court's call. Thereafter, Pamela filed a petition for attorney fees which the circuit court granted on November 9, 2011.

¶ 11    On December 8, 2011, Andrew filed a motion to vacate, rehear or reconsider the circuit court's November 9 order, which the circuit court denied after full briefing and hearing. Andrew appealed the denial of his petition to enroll a foreign judgment and the grant of Pamela's petition for attorney fees. This court affirmed the judgment of the circuit court in its entirety. See *Cwik v. Cwik*, 2013 IL App (1st) 121123-U (unpublished order pursuant to Illinois Supreme Court Rule 23).

¶ 12    Thereafter, in 2015, Andrew filed a second petition to enroll the Ohio divorce decree in Illinois, which copied the previous petition verbatim. This second petition was dismissed, and Andrew was again ordered to pay Pamela's attorney fees. The circuit court's order of October 28, 2015, provided that in the event Andrew filed further pleadings in the court, the court would entertain a motion filed by Pamela to deem Andrew a vexatious litigator. Andrew did not appeal the circuit court's ruling.

¶ 13    No further pleadings were filed in the circuit court until May 14, 2019, when Andrew filed his third petition to enroll a foreign judgment. This petition was identical to the two

previous petitions. Contemporaneously with the third petition, Andrew filed a petition to modify child support requesting a decrease in his child support obligations based on a reduction in his income. On May 29, 2019, Andrew filed an amended petition to enroll a foreign judgment, which added the claim that on December 9, 2015, the Ohio court determined that it no longer retained exclusive and continuing jurisdiction over the matter.

¶ 14　The December 9, 2015, Ohio court order, which was not included as exhibit to the petition but was included in the record on appeal, addressed Pamela's motions for contempt and to modify parenting time and Andrew's motion to vacate, dismiss, stay proceedings and change venue. The Ohio court found that Andrew had provided sufficient proof of his residence in Chicago and had filed a notice of relocation with the Ohio court. The Ohio court further found that the circuit court of Cook County had denied his last petition to enroll a foreign judgment with prejudice. In denying Andrew's motion to vacate, the Ohio court stated:

> "Notwithstanding the fact that now [Andrew] revealed he relocated from Ohio, the parties continued to litigate in Ohio for several years, and the record shows no evidence that the courts of any other state manifested intent to exercise jurisdiction over custody maters related to the minor children. Should that be the case, this court may be called upon to relinquish jurisdiction which it shall duly consider. Until that time, Ohio continues to have jurisdiction over the parental rights and responsibilities."

¶ 15　On May 31, 2019, with both parties before the court (Andrew *pro se* and Pamela represented by counsel), the circuit court heard oral argument on Andrew's petitions. There is, however, no report of proceedings for this hearing. Without indicating a basis for its ruling, the circuit court denied both petitions. Subsequently, Andrew filed a motion to reconsider in which he, for the first time, alleged the circuit court had jurisdiction of the matter under the UCCJEA.

In his statement of facts, Andrew acknowledged that while his third petition was pending, Pamela filed a motion for contempt in the Ohio court seeking enforcement of an order entered by the Ohio court entered March 6, 2017. Andrew attached as exhibits to his motion to reconsider the Ohio court's December 9, 2015, order and Pamela's May 28, 2019, motion for contempt. After hearing oral argument from the parties, the circuit court denied Andrew's motion to reconsider and granted Pamela leave to file a petition for attorney fees.

¶ 16 On September 4, 2019, Pamela filed a petition for attorney fees and costs pursuant to Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018) and section 508(b) of the Act (750 ILCS 5/508(b) (West 2018)) and to declare Andrew a vexatious litigator. In her statement of facts, Pamela recounted the four petitions to enroll a foreign judgment Andrew had filed and the petitions for attorney fees that followed. Pamela also asserted that litigation in Ohio has continued with the pending domestic relations case having "over 900 entries, approximately 300 of which took place after October 28, 2015." She further observed that "Andrew has been involved in 22 separate actions in Hamilton County, Ohio alone" and that the domestic relations case in Ohio "remains pending for ongoing issues with child support enforcement, contempt, and attorneys' fees." Based on Andrew's "long and litigious history" along with the circuit court's prior indication that it would entertain a motion to find Andrew a vexatious litigator, Pamela requested the circuit court grant her motion.

¶ 17 In response, Andrew maintained that the circuit court improperly denied his petitions to enroll a foreign judgment where the parties reside in Illinois and the Ohio court no longer retained continuing exclusive jurisdiction. According to Andrew, based on these facts, his petitions were made in good faith and therefore did not warrant the granting of attorney fees in Pamela's favor.

¶ 18    After hearing oral argument from the parties,[1] the circuit court granted Pamela's motion

pursuant to both Rule 137 and section 508(b) of the Act, finding that Andrew's "recitation of the

Ohio record is in error and without credibility" and that his "conduct in filing the same Petition

to Enroll Foreign Judgment for Dissolution of Marriage a second and third time to be harassing

and needlessly increased the cost of litigation."  The court ordered Andrew to pay Pamela's

outstanding fees and costs in the amount of $9,677.94 and enjoined Andrew from filing any

further pleadings in this action prior to seeking and obtaining leave of court.  This appeal

followed.

¶ 19                                        ANALYSIS

¶ 20    On appeal, Andrew maintains that the circuit court erred in dismissing his petition where

Illinois had subject matter jurisdiction over the matter under the UCCJEA and the Uniform

Interstate Family Support Act (750 ILCS 22/100 *et seq.* (West 2018)).  Andrew further asserts

that the circuit court improperly granted Pamela's request for attorney fees where the court

lacked jurisdiction.  Lastly, Andrew argues that the circuit court abused its discretion when it

found he filed his petition to harass and for an improper purpose.  For the reasons which follow,

we affirm.

¶ 21                             Dismissal of Andrew's Petitions

¶ 22    We find Andrew's claims regarding the dismissal of his petitions fail as he did not

provide an adequate record on appeal.  As is well established, it is incumbent on the appellant to

provide an adequate record from which the reviewing court may evaluate the claims.  *Foutch v.*

*O'Bryant*, 99 Ill. 2d 389, 391 (1984).  If the appellant does not provide an adequate record, the

reviewing court must presume "that the order entered by the trial court was in conformity with

---

[1] There is no report of proceedings in the record transcribing this hearing.

law and had a sufficient factual basis." *Id.* at 392. We are cognizant of appellant's *pro se* status, but this does not excuse him from meeting his burden on appeal. *Teton, Tack & Feed, LLC v. Jimenez*, 2016 IL App (1st) 150584, ¶ 19. As noted, the record on appeal lacks a report of proceedings from May 31, 2019. Without this transcript, or an acceptable substitute such as a bystander's report or an agreed statement of facts (see Ill. S. Ct. R. 323(a), (c), (d) (eff. July 1, 2017)), it is impossible for this court to assess Andrew's claims that the circuit court improperly dismissed his petition.

¶ 23    Here, Andrew contends that Ohio no longer has continuing exclusive jurisdiction over the matter relying on the language of the December 2015 order. Pamela, however, maintains that the Ohio court has continued to exercise jurisdiction over this matter consistently over the past decade. In her brief, she includes a detailed and extensive litigation history involving Andrew and the Ohio courts. Indeed, Pamela even states that in rendering its determination to dismiss Andrew's petition, the circuit court conferred with the Ohio court and the dismissal was a result of this conversation. Yet, the parties' litigation history in the Ohio courts is not thoroughly documented in the record. The only Ohio court documents presented to the circuit court were the December 9, 2015, order and Pamela's May 28, 2019, motion seeking Andrew be held in contempt for failure to pay child support. More importantly, the circuit court's communications with the Ohio court are not included in the record, as there was no report of proceedings, bystander's report, or agreed statement of facts filed. Moreover, the record contains no motion to dismiss, response, or reply which would have aided this court in understanding the issues and arguments presented. Indeed, this matter was not briefed and only argued before the circuit court two weeks after Andrew's first petition was filed. While the record does indicate that the circuit court rendered its determination after hearing oral arguments from Andrew and Pamela, as

discussed, those arguments are not sufficiently documented for our review. Consequently, this court has no knowledge of what evidence was presented, what arguments were made, what findings the court made, or the reasoning and rationale that provided the bases for the circuit court's rulings. See *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 155-56 (2005) (declining to disturb the circuit court's judgment when "nothing in the supporting record contains any factual findings or the basis for the circuit court's decision"). Where there is a lack of a record, as is the case here, under *Foutch* we are required to defer to the circuit court's judgment and therefore uphold the dismissal of Andrew's petitions. See *Taliani v. Resurreccion*, 2018 IL App (3d) 160327, ¶ 20.

¶ 24                                    Attorney Fees

¶ 25     Andrew next contends the circuit court lacked jurisdiction to consider Pamela's attorney fee petition. Andrew relies primarily upon *In re Marriage of Rogers*, 141 Ill. App. 3d 561 (1986), which involved the proper application of the Uniform Child Custody Jurisdiction Act (the predecessor to the UCCJEA). In *Rogers,* the plaintiff moved from Missouri to Illinois and subsequently obtained an order, without notice to defendant, to register the parties' judgment of dissolution in the circuit court of St. Clair County, Illinois. *Id.* at 563. Thereafter, the plaintiff filed a petition for a rule to show cause related to the custody and visitation provision of the Missouri judgment of dissolution. *Id.* The court found defendant to be in contempt and ordered him to serve 30 days in the St. Clair County Jail. The court further ordered him to pay plaintiff, as her attorney fees, the sum of $900. The same order fixed visitation rights of the plaintiff for summer vacation, Christmas and Easter holidays, and required defendant to pay a portion of the expenses associated with visitation, even though a Virginia court had in the meantime entered a contrary order. *Id.* at 564. This court reversed, stating that the circuit court exercising

jurisdiction over the matter was a patent violation of the Uniform Child Custody Jurisdiction Act. *Id.* at 564-65.

¶ 26 In this case, however, based on the lack of a record in this case, we must presume that the circuit court properly determined it lacked jurisdiction. Moreover, unlike *Rogers*, the court awarded attorney fees as a sanction against Andrew for improperly bringing the action, not as a sanction for violating a decree over which the court had no jurisdiction. The circuit court always has jurisdiction to consider the court's jurisdiction, even *sua sponte*. See, *e.g., Brandon v. Bonell*, 368 Ill. App. 3d 492, 501-02 (2006). Accordingly, the circuit court also would have jurisdiction to determine whether the hearings in this case were "precipitated or conducted for any improper purpose," including "harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation." See 750 ILCS 5/508(b) (West 2018).

¶ 27 Andrew further contends that the circuit court erred in awarding Pamela fees under section 508(b) of the Act, which provides:

> "In every proceeding for the enforcement of an order or judgment when the court finds that the failure to comply with the order or judgment was without compelling cause or justification, the court shall order the party against whom the proceeding is brought to pay promptly the costs and reasonable attorney's fees of the prevailing party. If non-compliance is with respect to a discovery order, the non-compliance is presumptively without compelling cause or justification, and the presumption may only be rebutted by clear and convincing evidence. If at any time a court finds that a hearing under this Act was precipitated or conducted for any improper purpose, the court shall allocate fees and costs of all parties for the hearing to the party or counsel found to have acted improperly. Improper purposes include, but are not limited to, harassment, unnecessary delay, or

other acts needlessly increasing the cost of litigation." 750 ILCS 5/508(b) (West 2018). We review a circuit court's decision to award or deny attorney fees for an abuse of discretion. *In re Marriage of Schneider*, 214 Ill. 2d 152, 174 (2005). A trial court abuses its discretion when its ruling is arbitrary, fanciful, unreasonable, or where no reasonable person would take the view adopted by the trial court. *Blum v. Koster*, 235 Ill. 2d 21, 36 (2009).

¶ 28 Andrew maintains that the circuit court incorrectly found that he filed the petition to harass and for an improper purpose. According to Andrew, at the time he filed his petition he, Pamela, and the children were all residing in Illinois and therefore his petition was filed in good faith. He further observes that the circuit court never provided a factual basis for its findings of harassment and improper purpose.

¶ 29 We disagree that the circuit court failed to provide a factual basis for its findings. As observed by Pamela, the circuit court's February 13, 2020, order explicitly set forth that Andrew filed four identical petitions in the circuit court, that Andrew's recitation of the Ohio litigation was not credible, and that his actions in filing the same pleading numerous times was harassing and needlessly increased the cost of litigation.

¶ 30 We further observe that Andrew has provided no record of proceedings or bystander's report for the hearing on the petition for fees. As the appellant, Andrew has the burden to present a sufficiently complete record for our review. See *Corral*, 217 Ill. 2d at 156. "An issue relating to a circuit court's factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding." *Id.* "Without an adequate record preserving the claimed error, the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law." *Id.* at 157. "Any doubts which may arise from the incompleteness of the record will be resolved against the appellant."

*Id.* (quoting *Foutch*, 99 Ill. 2d at 392). Accordingly, pursuant to *Corral*, we presume the circuit court's ruling was not arbitrary, fanciful, or unreasonable. *Id.* at 156. Thus, we conclude Andrew has failed to establish the circuit court abused its discretion in awarding Pamela attorney fees in this matter.

¶ 31                                  CONCLUSION

¶ 32     In sum, we conclude the circuit court did not err in dismissing the petitions to enroll foreign judgment. We also conclude the circuit court had jurisdiction to consider Pamela's fee petition and Andrew failed to demonstrate the circuit court abused its discretion in granting the petition. For all the aforementioned reasons, the judgment of the circuit court of Cook County is affirmed.

¶ 33     Affirmed.

¶ 34     PRESIDING JUSTICE GORDON, specially concurring:

¶ 35     I agree with the majority decision in this case, but I am troubled by the fact that the circuit court of Cook County failed to register the Ohio divorce decree. As a result, I must write separately.

¶ 36     The Illinois Uniform Enforcement of Foreign Judgments Act provides that:

"A copy of any foreign judgment authenticated in accordance with the acts of Congress or the statutes of this State may be filed in the office of the circuit clerk for any county of this State. The clerk shall treat the foreign judgment in the same manner as a judgment of the circuit court for any county of this State. A judgment so filed has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a circuit court for any county of this State and may be enforced or satisfied in like manner. A judgment filed or registered under this Act shall be

construed to be an original Illinois judgment from the date it is filed with the clerk of the circuit court and for purposes of enforcement and revival, shall be treated in exactly the same manner as an Illinois judgment entered on that same date." 735 ILCS 5/12-652(a) (West 2018).

¶ 37    Normally, the registration of a foreign judgment is a perfunctory matter and is accomplished when the judgment is filed with the clerk of the circuit court of Cook County. Since we do not have an adequate record before us, we do not know why the trial court's order refused the registration of this Ohio decree when it merely had to be filed with the clerk of the court. It is possible that the decree may not have been authenticated or that the complete decree was not filed with the clerk of the court. Again, without an appropriate record, we are in the dark concerning the circuit court's reasoning concerning its registration. The enforcement or modification of the Ohio decree in Illinois, once it is properly filed with the clerk of the circuit court of Cook County, is a different matter. As the majority has concluded, there is not a sufficient record before us to determine the trial court's reasons for its decision.