2023 IL App (1st) 220548-U

No. 1-22-0548

Third Division
September 27, 2023

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT
_____

|  |  |  |
|---|---|---|
| | ) | |
| *In re* MARRIAGE OF | ) | |
| | ) | Appeal from the Circuit Court |
| PAMELA SOMAN, | ) | of Cook County. |
| | ) | |
| Petitioner-Appellee, | ) | No. 11 D 006535 |
| | ) | |
| and | ) | The Honorable |
| | ) | Robert Johnson, |
| ANDREW CWIK, | ) | Judge Presiding. |
| | ) | |
| Respondent-Appellant. | ) | |
| | ) | |

_____

PRESIDING JUSTICE REYES delivered the judgment of the court.
Justices D.B. Walker and R. Van Tine concurred in the judgment.

**ORDER**

¶ 1       *Held:*  The circuit court's judgment is affirmed in its entirety where (1) the circuit court did not abuse its discretion in denying respondent's motion for leave to file a fifth petition to enroll foreign judgment, (2) the circuit court properly awarded petitioner attorney fees as a sanction for respondent's conduct, and (3) the circuit court's contempt finding against respondent was not against the manifest weight of the evidence.

¶ 2       Petitioner Pamela Soman (Pamela) and respondent Andrew Cwik (Andrew) were married

for approximately 13 years before divorcing in 2009, while they were living in Ohio; after the

dissolution of their marriage, both parties moved to Chicago.[1] Over the course of the last decade, Andrew has made several attempts to enroll the Ohio divorce judgment in Illinois, in order to modify his child support obligation, but his attempts have all been denied. The instant appeal arises from the denial of Andrew's motion for leave to file a fifth petition to enroll the foreign judgment. In addition, as a result of Andrew's filings, the circuit court ultimately held Andrew in indirect civil contempt and awarded Pamela attorney fees in the matter. In this *pro se* appeal, Andrew appeals both the denial of his motion and the contempt finding. For the reasons set forth below, we affirm.

¶ 3                                                    BACKGROUND

¶ 4        The litigation surrounding the dissolution of the parties' marriage involves numerous court proceedings both in Illinois and in Ohio which span over a decade, and has been before this court twice, in 2013 and in 2021.[2] See *In re Marriage of Cwik*, 2013 IL App (1st) 121123-U; *In re Marriage of Soman*, 2021 IL App (1st) 200513-U. Accordingly, we relate only the facts necessary to an understanding of the issues on appeal, taking our facts from our prior decisions where appropriate.

¶ 5        Pamela and Andrew were married in 1996 and had two children, born in 2002 and 2003. In October 2009, the court of common pleas in Hamilton County, Ohio (the Ohio court), entered a divorce decree, naming Pamela the "residential parent and legal custodian" of the children and permitting Andrew supervised visitation of the children. In November 2009, Pamela filed a motion to relocate to Chicago, which the Ohio court granted in early 2010. The

---

[1] While the litigation in Illinois was initiated by a petition filed by Andrew, we refer to the parties in the same capacity as in the underlying Ohio divorce proceedings, namely, with Pamela as the petitioner and Andrew as the respondent.

[2] We note that the case has been before us in a more indirect fashion, as well, as Andrew filed a legal malpractice action against one of his former attorneys. See *Cwik v. Law Offices of Jonathan Merel, P.C.*, 2017 IL App (1st) 153143-U.

order permitting relocation also modified the visitation schedule, but provided that if Andrew relocated to Chicago, the visitation schedule would return to the one provided in the divorce decree. Pamela and the children moved to Chicago in August 2010.

¶ 6     In addition to the domestic relations case, Andrew was a defendant in a civil proceeding initiated in the Ohio court by Pamela's fiancé in July 2010. In August and December 2010, two judges in that case entered orders finding Andrew to be a "vexatious litigator," and Andrew was enjoined from any further filings without leave of court. Additionally, in October 2010, the judge in the dissolution proceeding entered an order enjoining Andrew from filing any litigation against either Pamela or her fiancé without leave of court.

¶ 7     On June 2, 2011, Pamela filed a motion to modify parenting time in the Ohio court. While Pamela's motion was pending before the Ohio court, on June 28, 2011, Andrew filed two petitions in the circuit court of Cook County: (1) a petition to enroll foreign judgment for dissolution of marriage and (2) a petition to modify the parenting schedule. Andrew's petition to enroll the foreign judgment alleged that both parties and the children had resided in Chicago for more than 90 days. The petition to modify the parenting schedule alleged that Andrew had moved to Chicago in November 2010 and since that time he had supervised parenting time with the children pursuant to the divorce decree; the petition claimed that since May 2011, however, Pamela had refused to allow Andrew to visit the children.

¶ 8     On July 14, 2011, the Ohio court granted Pamela's motion to modify Andrew's parenting time. The court order provided, in relevant part, that (1) Andrew "remains a resident of Hamilton County," as all notices of appeal included his Cincinnati address and he did not file an intent to relocate with the Ohio court; (2) the Ohio court was not apprised of any ongoing litigation regarding the allocation of parental rights and responsibilities in any other court; and

(3) the Ohio court "retains exclusive continuing jurisdiction over the issue of reallocation of parental rights and responsibilities of the minor children of the parties pursuant to Ohio Revised Code Section 3127.16, The Uniform Child Custody Jurisdiction and Enforcement Act, and this Court further fully intends to retain and exercise its continuing jurisdiction within the confines of the law."

¶ 9        On August 3, 2011, Pamela filed a motion to dismiss Andrew's petitions to enroll the foreign judgment of dissolution of marriage and to modify parenting time in the circuit court of Cook County, pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)). Pamela's motion claimed that Andrew's petitions were filed to forum-shop and evade the Ohio court and argued (1) that the Ohio court had exclusive jurisdiction pursuant to sections 203 and 206 of the Uniform Child-Custody Jurisdiction and Enforcement Act (UCCJEA) (750 ILCS 36/203, 206 (West 2010)); (2) that Andrew incorrectly relied on section 512(c) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/512(c) (West 2010)); and (3) that Andrew failed to attach the complete judgment and postdecree documents as required by section 511(c) of the Marriage Act (750 ILCS 5/511(c) (West 2010)). Pamela also sought attorney fees and costs from Andrew as part of her prayer for relief. Andrew filed a response to the motion to dismiss, arguing that Illinois had jurisdiction pursuant to the UCCJEA.

¶ 10        On August 15, 2011, the circuit court granted Pamela's motion to dismiss with prejudice and denied Andrew's petitions. The court also granted Pamela leave to file a petition for attorney fees and costs. Pamela thereafter filed a petition for attorney fees and costs, which the circuit court granted on November 9, 2011, finding that Andrew's petitions were not filed in good faith and that Pamela's attorney fees and costs were incurred "as a result of improper

4

purposes" and the hearing on the motion to dismiss "was precipitated and conducted for [an] improper purpose."

¶ 11    In December 2011, Andrew filed a motion to vacate, rehear, or reconsider the circuit court's November 9 order, which the circuit court denied. Andrew appealed the denial of his petition to enroll the foreign judgment and the grant of Pamela's petition for attorney fees. We affirmed the judgment of the circuit court in its entirety, finding that Andrew had not provided any evidence to contradict the Ohio court's determination of his residency as required to deprive Ohio of its exclusive jurisdiction under the UCCJEA and further finding that the circuit court's grant of Pamela's fee petition was proper where the circuit court found that the proceedings were precipitated for an "improper purpose." *In re Marriage of Cwik*, 2013 IL App (1st) 121123-U, ¶¶ 37, 43.

¶ 12    In 2015, Andrew filed a second petition to enroll the Ohio divorce decree in Illinois, which copied the previous petition verbatim.[3] The second petition was dismissed, and Andrew was again ordered to pay Pamela's attorney fees. The court's order also provided that, in the event Andrew filed further pleadings in the circuit court, the court would entertain a motion filed by Pamela to deem Andrew a vexatious litigator. Andrew did not appeal the circuit court's order.

¶ 13    On May 14, 2019, Andrew filed a third petition to enroll the Ohio divorce decree in Illinois, which was identical to the two previous petitions. Andrew additionally filed a petition to modify child support, requesting a decrease in his child support obligation based on a reduction in his income. On May 29, 2019, Andrew filed an amended petition to enroll the foreign

---

[3] The second petition is not included in the record on appeal for the instant appeal. It was, however, included in the record on appeal for Andrew's prior appeal in *In re Marriage of Soman*, 2021 IL App (1st) 200513-U.

judgment, claiming that in December 2015, the Ohio court had determined that it no longer retained exclusive and continuing jurisdiction over the matter.

¶ 14    The December 2015 order referred to in Andrew's petition addressed motions filed by Pamela in the Ohio court for contempt and to modify parenting time, as well as a motion filed by Andrew to vacate, dismiss, stay proceedings, and change venue. The Ohio court found that Andrew had provided sufficient proof of his residence in Chicago and had filed a notice of relocation with the Ohio court, but noted that the circuit court of Cook County had denied his most recent petition to enroll a foreign judgment with prejudice. The Ohio court found that, under Ohio law, an Ohio court must relinquish continuing exclusive jurisdiction when the parents and children do not reside in Ohio and another court is claiming jurisdiction over the custody issues, but that in the absence of another court's intent to claim jurisdiction, the Ohio court may continue to exercise jurisdiction over the matter. In this case, the Ohio court found that the parties continued to litigate in Ohio for several years despite residing in Chicago, and the record showed no evidence that the courts of any other state manifested intent to exercise jurisdiction over custody matters related to the children. The Ohio court continued: "Should that be the case, this court may be called upon to relinquish jurisdiction which it shall duly consider. Until that time, Ohio continues to have jurisdiction over the parental rights and responsibilities."

¶ 15    On May 31, 2019, the circuit court denied both of Andrew's petitions. Andrew filed a motion to reconsider in which he, for the first time, claimed that the circuit court had jurisdiction of the matter under the UCCJEA. After hearing argument from the parties, the circuit court denied Andrew's motion to reconsider and granted Pamela leave to file a petition for attorney fees.

¶ 16        Pamela filed a petition for attorney fees and costs, and also sought to have Andrew declared a vexatious litigator. In support, Pamela pointed to the four petitions to enroll the foreign judgment which Andrew had filed, as well as the petitions for attorney fees which followed. Pamela further claimed that litigation in Ohio had continued, with the pending domestic relations case having "over 900 entries, approximately 300 of which took place after October 28, 2015." Pamela claimed that "Andrew has been involved in 22 separate actions in Hamilton County, Ohio alone" and that the domestic relations case in Ohio "remains pending for ongoing issues with child support enforcement, contempt, and attorneys' fees." Pamela requested that the circuit court grant her motion to have Andrew declared a vexatious litigator, based on his "long and litigious history." In response, Andrew claimed that the circuit court had improperly denied his prior petitions to enroll foreign judgment and, therefore, his petitions were made in good faith and did not warrant the granting of attorney fees.

¶ 17        The circuit court granted Pamela's motions in February 2020, finding Andrew's "conduct in filing the same Petition to Enroll Foreign Judgment for Dissolution of Marriage a second and third time to be harassing and needlessly increased the cost of litigation." The court ordered Andrew to pay Pamela's outstanding fees and costs and enjoined Andrew from filing any further pleadings in the action without leave of court. Andrew appealed, and we affirmed the circuit court's judgment in its entirety, finding that the record was inadequate to review his claims as to his petition to enroll foreign judgment and further finding that the court did not abuse its discretion in awarding attorney fees to Pamela. *In re Marriage of Soman*, 2021 IL App (1st) 200513-U, ¶¶ 22, 30. In a special concurrence, however, Justice Gordon noted that he was "troubled" by the fact that the Ohio divorce decree had not been registered with the

circuit court, as this was generally a perfunctory matter. *In re Marriage of Soman*, 2021 IL App (1st) 200513-U, ¶¶ 35-37 (Gordon, J., specially concurring).

¶ 18    On March 17, 2021, Andrew filed a notice of registration of foreign judgment, attempting to register the Ohio divorce decree in the circuit court. On March 19, 2021, Pamela filed a petition for rule to show cause and request for a finding of indirect civil contempt, alleging that Andrew had failed to pay the attorney fees awarded to her in the circuit court's February 2020 order. Pamela also filed a petition for attorney fees and costs, seeking payment of the attorney fees and costs expended in responding to Andrew's appeal.

¶ 19    In April 2021, Andrew filed a motion for leave to file, *inter alia*, his fifth petition to enroll the Ohio divorce decree in Illinois, in which he claimed that both parties and the children had resided in Chicago since 2010 and the Ohio court had recognized in 2015 that it no longer had continuing exclusive jurisdiction over the matter. In response, Pamela requested that the circuit court deny Andrew's motion for leave to file the petition, as it was meritless and filed for the purpose of harassment. In the alternative, Pamela requested that, prior to accepting any filings by Andrew, he be required to pay the attorney fees and costs which he had previously been ordered to pay.

¶ 20    On June 4, 2021, the circuit court denied Andrew's motion for leave to file his fifth petition to enroll the foreign judgment and granted Pamela's petition for attorney fees and costs and her petition for rule to show cause and request for finding of indirect civil contempt. In granting Pamela attorney fees and costs, the circuit court found that all of the fees and costs set forth in her petition were "reasonable and necessary and incurred as a result of improper purposes on Andrew's part" and ordered Andrew to pay $53,606.90 within seven days. In finding Andrew in contempt, the circuit court found that Andrew had failed to comply with its February 2020

order directing the payment of Pamela's attorney fees and costs, and set the purge amount at $10,548.95. The court, however, ordered that commitment be stayed until July 19, 2021. Finally, in denying Andrew's motion for leave to file his fifth petition to enroll the foreign judgment, the circuit court ordered that until he paid the amounts set forth in the other provisions of its order, Andrew was enjoined from filing any further pleadings in the action.

¶ 21    On June 17, 2021, Pamela filed another petition for rule to show cause, alleging that Andrew had not paid the $53,606.90 required under the June 4, 2021, order. On June 21, 2021, Andrew filed a motion to reconsider the June 4, 2021, order, claiming that the circuit court erred in denying him leave to file his petition to enroll the foreign judgment, as the law required Illinois to exercise jurisdiction.

¶ 22    On September 1, 2021, the circuit court denied Andrew's motion to reconsider and lifted the stay of commitment, entering a body attachment order. The court found that Andrew was attempting to "start this process all over again in Illinois," but one child was already emancipated and the other would shortly be emancipated,[4] and Andrew had not represented that there were any child-related visitation issues. The court further found that "[i]t's all about monies you owe in Ohio," and that it was inappropriate for the Illinois court to recalculate the amounts that Ohio had determined that Andrew owed. The court also found unpersuasive Andrew's suggestion that travel to Ohio was inconvenient, noting that Andrew was engaged in both civil and criminal litigation in Ohio.

¶ 23    On October 26, 2021, the circuit court found Andrew to be in indirect civil contempt for failure to pay the $53,606.90 set forth in the court's June 4, 2021, order. The court set the purge amount at $58,441.52 to include statutory interest, and also entered a body attachment order.

---

[4] We note that both children are since emancipated.

On November 1, 2021, the circuit court entered another body attachment order, striking and incorporating the prior two body attachment orders and setting the purge amount at $68,990.47.[5]

¶ 24     On November 22, 2021, Andrew filed a notice of appeal, appealing the circuit court's June 4, 2021, September 1, 2021, and October 26, 2021, orders. This appeal follows.

¶ 25                                              ANALYSIS

¶ 26     On appeal, Andrew challenges (1) the denial of his motion for leave to file his fifth petition to enroll the foreign judgment, (2) the circuit court's award of attorney fees to Pamela, and (3) the circuit court's contempt finding. Prior to reaching the merits of Andrew's arguments, however, we must consider a motion to dismiss the appeal filed by Pamela, which we ordered taken with the case.

¶ 27                                    *Motion to Dismiss Appeal*

¶ 28     In her motion to dismiss, Pamela contends that Andrew's appeal should be dismissed due to (1) violation of circuit court orders requiring him to obtain leave of court before filing any further pleadings and (2) noncompliance with supreme court rules. In addition, Pamela requests that we declare Andrew a vexatious litigant for filing a "frivolous and harassing" appeal and require him to seek leave of court before filing any additional appeals, as well as imposing monetary sanctions. We deny both requests, as well as Andrew's request for us to impose sanctions on Pamela for filing the motion to dismiss.

---

[5] According to Andrew's appellate brief, filed in March 2023, he has been held in Cook County jail since July 2022 pursuant to the body attachment order. In her motion to dismiss the appeal, Pamela claims that, after Andrew is released from jail in Cook County, he will be extradited to Ohio concerning the matters pending there.

¶ 29    With respect to her claims concerning violations of court orders, Pamela points to the circuit court's February 13, 2020, and June 4, 2021, orders, in which the circuit court enjoined Andrew from filing any further pleadings in the action without leave of court and without paying the outstanding judgment, respectively. Pamela provides no authority, however, suggesting that a circuit court's order may prevent a litigant from filing an appeal from an otherwise appealable judgment. Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994) provides that "*[e]very* final judgment of a circuit court in a civil case is appealable as of right." (Emphasis added.) Moreover, Illinois Supreme Court Rule 304(b)(5) (eff. Mar. 8, 2016), specifically provides that an order finding a person in contempt of court which imposes a monetary or other penalty is immediately appealable. While the circuit court is certainly entitled to impose conditions on the filing of pleadings in its own court in order to prevent abuse of the litigation process (see *J.S.A. v. M.H.*, 224 Ill. 2d 182, 196 (2007)), we cannot find that the circuit court's orders prevent Andrew from filing an otherwise appropriate appeal to this court.

¶ 30    Pamela also argues that Andrew's appeal should be dismissed for violating supreme court rules. Specifically, Pamela contends that Andrew failed to timely file the record on appeal and that his brief contains argument concerning facts occurring after the filing of the notice of appeal, namely, his incarceration pursuant to the body attachment order. It is well settled that "the Illinois Supreme Court rules are not suggestions; they have the force of law and must be followed." *Ittersagen v. Advocate Health & Hospitals Corp.*, 2021 IL 126507, ¶ 37. A party's *pro se* status does not relieve him of his obligation to comply with the rules of appellate practice, and he is held to the same standard as a licensed attorney. *Holzrichter v. Yorath*, 2013 IL App (1st) 110287, ¶ 78. Where a litigant fails to comply with the applicable rules of

appellate procedure, we have the discretion to strike the brief and dismiss the appeal. *McCann v. Dart*, 2015 IL App (1st) 141291, ¶ 12.

¶ 31     In this case, Pamela is correct that Andrew did not file the record on appeal within 63 days of the filing of the notice of appeal. See Ill. S. Ct. R. 326 (eff. July 1, 2017). As a result, however, Andrew's appeal was initially dismissed for want of prosecution in June 2022. Andrew then filed a timely motion to vacate the dismissal and reinstate the appeal, which we granted. In that order, we also ordered the record on appeal to be filed on or before July 14, 2022, and Andrew complied with that order by filing the record on July 14, 2022. We therefore will not use Andrew's earlier failure to file the record as a basis to dismiss his appeal. Similarly, while Andrew's brief improperly contains argument as to events occurring after the filing of the notice of appeal, we decline to dismiss the appeal on that basis and will simply disregard the inappropriate portions of the brief. See *In re Marriage of Buonincontro*, 2022 IL App (2d) 210380, ¶ 34 (declining to strike brief and disregarding any noncompliant statements).

¶ 32     Finally, we decline to find Andrew a vexatious litigant or to impose sanctions for the filing of the instant appeal. Again, while the circuit court is free to impose sanctions if it deems them appropriate, our focus is on Andrew's actions before this court, which we cannot find warrant the imposition of the sanctions sought by Pamela. Accordingly, we deny Pamela's motion to dismiss the appeal and her request for sanctions, and proceed to consider the merits of Andrew's appeal. We note that Pamela declined to file a brief on appeal and has chosen to rest on her motion to dismiss. To the extent that Pamela's motion does not address certain issues raised by Andrew on appeal, we consider such issues on the record and Andrew's *pro se* brief alone. See *First Capitol Mortgage Co. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 33 *Denial of Motion for Leave to File Fifth Petition to Enroll a Foreign Judgment*

¶ 34 Andrew's first arguments on appeal concern what he terms the denial of his fifth petition to enroll the Ohio judgment. The record on appeal, however, demonstrates that the circuit court actually denied Andrew *leave* to file his petition and did not rule on the petition itself. We therefore consider whether the circuit court's denial of Andrew's motion for leave to file his fifth petition to enroll the Ohio judgment was proper.

¶ 35 A circuit court's ruling on a motion to amend pleadings is within the discretion of the circuit court, and we will not reverse absent an abuse of that discretion. *Griffin v. Cook County*, 2023 IL App (1st) 221376, ¶ 50. In determining whether the circuit court has abused its discretion, we consider (1) whether the proposed amendment would cure the defective pleading, (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment, (3) whether the proposed amendment is timely, and (4) whether previous opportunities to amend the pleading could be identified. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992).

¶ 36 In this case, the proposed amendment constituted Andrew's fifth attempt to enroll the Ohio judgment in Illinois. The circuit court found that Andrew's repeated filings were done for improper purposes, granting Pamela's requests for attorney fees as sanctions multiple times. Thus, it is clear that at least some of the factors support the circuit court's denial of Andrew's motion for leave to file his latest petition. See *id.* (factors include whether other parties would sustain prejudice and whether there were previous opportunities to amend).

¶ 37 Moreover, we cannot find that the fifth petition to enroll the foreign judgment would have cured the defects present in the prior petitions, which in itself serves as an appropriate basis for denial of the motion. See *Malacina v. Cook County Sheriff's Merit Board*, 2021 IL App

(1st) 191893, ¶ 40 ("[W]e may begin and end our analysis with the observation that it is never an abuse of discretion to deny leave to amend when the proposed amendment would be futile."). Andrew spends much of his brief arguing that Illinois has jurisdiction under the UCCJEA. Even if the circuit court has jurisdiction under the UCCJEA, however, the court may decline to exercise such jurisdiction if it determines that it is an inconvenient forum under the circumstances and a court of another state is a more appropriate forum. See 750 ILCS 36/207(a) (West 2020). A decision to decline jurisdiction in favor of a foreign court is reviewed for an abuse of discretion. *In re Marriage of Rickett*, 2020 IL App (3d) 180657, ¶ 18. "An abuse of discretion occurs only where no reasonable person could agree with the trial court." *Id.* (citing *In re Marriage of Hall*, 278 Ill. App. 3d 782, 785 (1996)).

¶ 38 Here, the record does not indicate whether the circuit court provided any reasoning in denying Andrew's motion for leave to file his petition. To the extent that the record is silent, we presume that the circuit court's order was in conformity with the law and had a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984). We note, however, that the circuit court set forth its reasoning when it denied Andrew's motion to reconsider the denial of his motion for leave, and we presume that this reasoning is similar to the reasoning behind the original denial of the motion for leave.

¶ 39 In denying the motion to reconsider, the circuit court noted that there were no child-related visitation issues, since one child was already emancipated and the other was nearly so. Instead, the court found that "[i]t's all about monies you owe in Ohio." The circuit court found that asking the Illinois court to recalculate the monies that Ohio had determined Andrew owed was "no reason to bring that litigation" into the Illinois court, especially when Andrew was already engaged in both civil and criminal proceedings in Ohio. While other factors would certainly

weigh in favor of litigating in Illinois, we cannot find that the circuit court abused its discretion in determining that Ohio, not Illinois, provided the appropriate forum under the facts of this case. See *Horgan v. Romans*, 366 Ill. App. 3d 180, 186 (2006) (the circuit court has the discretion to attach varying importance to the factors it considers in determining whether Illinois is an inconvenient forum). Accordingly, the circuit court did not err in denying Andrew leave to file his fifth petition to enroll the foreign judgment when such a filing would have been futile. See *Malacina*, 2021 IL App (1st) 191893, ¶ 40.

¶ 40                                    *Attorney Fees*

¶ 41        Andrew next contends that the circuit court lacked jurisdiction to award Pamela attorney fees after it denied his motion for leave to file his fifth amended petition to enroll the foreign judgment. Andrew raised the identical argument in both his prior appeals, and we rejected the argument both times. See *In re Marriage of Cwik*, 2013 IL App (1st) 121123-U, ¶¶ 38-44; *In re Marriage of Soman*, 2021 IL App (1st) 200513-U, ¶¶ 24-30. We do so here, as well.

¶ 42        As explained in our prior decision, Andrew's reliance on *In re Marriage of Rogers*, 141 Ill. App. 3d 561 (1986), is unwarranted, as that case involved the circuit court awarding attorney fees as a sanction for violating an order over which the court had no jurisdiction. By contrast, in this case, Andrew was sanctioned for his conduct in pursuing an appeal from an order entered by the circuit court. As we have previously observed: "The circuit court always has jurisdiction to consider the court's jurisdiction, even *sua sponte*. [Citation.] Accordingly, the circuit court also would have jurisdiction to determine whether the hearings in this case were 'precipitated or conducted for any improper purpose,' including 'harassment, unnecessary delay, or other acts needlessly increasing the cost of litigation.' " *In re Marriage of Cwik*, 2013 IL App (1st) 121123-U, ¶ 40 (quoting 750 ILCS 5/508(b) (West 2010)). We

therefore reject Andrew's contention that the circuit court lacked jurisdiction to sanction him by awarding Pamela attorney fees.

¶ 43    We similarly find unpersuasive Andrew's claim that the circuit court erred in finding his conduct to be harassing and his appeal filed for an improper purpose. The circuit court awarded Pamela attorney fees based on section 508(b) of the Marriage Act (750 ILCS 5/508(b) (West 2020)) and Illinois Supreme Court Rule 137 (eff. Jan. 1, 2018), both of which permit the award of reasonable attorney fees for actions which are conducted for an improper purpose, such as harassment, causing unnecessary delay, or needlessly increasing the cost of litigation. We review a circuit court's decision to award attorney fees for an abuse of discretion. *In re Marriage of Schneider*, 214 Ill. 2d 152, 174 (2005). In this case, we cannot find that the circuit court abused its discretion in finding that the attorney fees Pamela incurred as a result of Andrew's prior appeal were "incurred as a result of improper purposes on Andrew's part."

¶ 44    Andrew contends that his appeal was made in good faith and for a proper purpose, as he believed that the circuit court had jurisdiction over child-support and visitation issues. Andrew overlooks, however, that he had made identical claims several times by this point in the proceedings, and the circuit court expressly found that his conduct in filing third and fourth petitions to enroll foreign judgment—the petitions serving as the basis for the appeal—was "harassing and needlessly increased the cost of litigation." This finding, and the resulting award of attorney fees, was affirmed on appeal. *In re Marriage of Soman*, 2021 IL App (1st) 200513-U, ¶¶ 29-30. Given the history of the litigation, we cannot find that the circuit court abused its discretion in finding that the appeal itself was also filed as a result of improper purposes.

16

¶ 45    Finally, we find no merit to Andrew's contention that the circuit court failed to provide a factual basis for its finding. The record on appeal does not contain a transcript or bystander's report for the hearing on the fee petition. Accordingly, we presume that the circuit court's order finding the attorney fees Pamela incurred as a result of Andrew's prior appeal were "incurred as a result of improper purposes on Andrew's part" was in conformity with the law and had a sufficient factual basis. See *Foutch*, 99 Ill. 2d at 392. We therefore cannot find that the circuit court's decision was an abuse of discretion and affirm the circuit court's award of attorney fees.

¶ 46                                                    *Contempt Finding*

¶ 47    Finally, Andrew claims that the circuit court erred in holding him in contempt without considering his ability to pay. "The circuit court has the power to enforce an order to pay money through a contempt proceeding where there has been a willful refusal to obey the court's order." *In re Marriage of Harnack*, 2022 IL App (1st) 210143, ¶ 52 (citing *In re Marriage of Logston*, 103 Ill. 2d 266, 286-87 (1984)). While the sanctions imposed by the circuit court do not depend on a party's ability to pay (see 750 ILCS 5/508(b) (West 2020); Ill. S. Ct. R. 137(a) (eff. Jan. 1, 2018)), a contemnor's inability to pay may be a defense to contempt (see *In re Marriage of Harnack*, 2022 IL App (1st) 210143, ¶ 52). To prove this defense, " 'a defendant must show that he neither has money now with which he can pay, nor has disposed wrongfully of money or assets with which he might have paid.' " *Id.* (quoting *In re Marriage of Logston*, 103 Ill. 2d at 285). The question of whether a party is guilty of contempt is a question of fact for the circuit court, which we will not reverse unless it is against the manifest weight of the evidence or the record reflects an abuse of discretion. *In re Marriage of Logston*, 103 Ill. 2d at 286-87. "For a finding of fact to be contrary to the manifest weight of the evidence, an opposite

conclusion must be clearly apparent." *In re Marriage of Harnack*, 2022 IL App (1st) 210143, ¶ 47.

¶ 48    In this case, Andrew claims that he established an inability to pay, showing a Social Security disability decision and a letter from a doctor indicating that he was suffering from long Covid. We cannot find, however, that the circuit court's contempt finding is against the manifest weight of the evidence, despite the evidence submitted by Andrew. In addition to the evidence provided by Andrew, the circuit court had the opportunity to observe the parties directly and was aware of the long history of the dissolution proceedings, both in Illinois and in Ohio. The circuit court would also have been aware of the fact that Andrew had been held in contempt or otherwise punished for failure to pay several times throughout the proceedings—including criminal charges for felony nonsupport in Ohio—at which time he was able to pay what was owed, suggesting that Andrew had some resources at his disposal. We also note that the circuit court expressly found Andrew's version of events to be "without credibility" at least once. Given the circuit court's superior position in the matter, we therefore cannot find its ultimate contempt finding to be against the manifest weight of the evidence.

¶ 49                                                          CONCLUSION

¶ 50    For the reasons set forth above, we affirm the circuit court's judgment in its entirety, as (1) the circuit court did not err in denying Andrew's motion for leave to file a fifth petition to enroll the foreign judgment, (2) the circuit court properly awarded attorney fees to Pamela as a sanction for Andrew's conduct, and (3) the circuit court's contempt finding was not against the manifest weight of the evidence. Additionally, we deny Pamela's motion to dismiss the appeal and for sanctions, which we ordered taken with the case.

¶ 51    Affirmed.